**Ann BETHUNE et al., Plaintiffs,**

**v.**

**UNITED STATES of America, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al., Defendants.**

**Civ. A. No. 19919–3.**

United States District Court, W. D. Missouri, W. D.

March 7, 1972.

Howard E. Bodney, James E. Cooling, William J. Gilwee, Kansas City, Mo., for plaintiffs.

Vernon Poschel, Asst. U. S. Atty. Richard Schmidt, Asst. Jackson County Counselor, Lionel Johnson, William Nichols, Dept. of Housing and Urban Development, Kansas City, Mo., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

WILLIAM H. BECKER, Chief Judge.

Now on this 23rd day of February, 1972, the same being one of the regular days of the regular session of this Court, this cause came on for trial. The plaintiffs, Ann Bethune and Darrell J. Bethune, Clell Lawrence and Shirley Lawrence, Martha J. McKee, Homer E. Reinking and Leona M. Reinking, Ellis A. Sheets, Robert Sykes and Ruth Ann Sykes appeared in person and by counsel, Howard E. Bodney and William L. Turner, of Gage, Tucker, Hodges, Kreamer, Kelly & Varner. Intervening plaintiffs Roland L. Ham and Bernice L. Ham appeared in person and by attorney James E. Cooling of Dietrich, Davis, Burrell, Dicus & Rowlands. Intervening plaintiffs James B. Devaney and Olivette F. Devaney appeared in person and by counsel William J. Gilwee. Defendants United States of America, Department of Housing and Urban Development, George Romney, Harry Sharrott and William R. Southerland appeared not but were represented by the Assistant United States Attorney, Vernon Poschel. Defendants Jackson County, Missouri, George Lehr, Harry Wiggins and Joe Bolger, Jr. appeared not but were represented by counsel, Richard F. Schmidt, Assistant Jackson County Counselor.

A pretrial conference was held at which time Pretrial Order No. 2 was executed by the Court and entered upon the record. Further stipulations were made by and between the parties, transcribed and entered upon the record.

And thereupon, said cause was taken up and submitted to the Court upon the proceedings and the proof adduced and the Court, having heard the evidence and

considered the stipulations of the parties finds:

## FINDINGS OF FACT

1. That the plaintiffs and intervening plaintiffs are and at all material times were owners of improved real property within the area proposed to be taken by Jackson County, Missouri, as and for a public park to be known as the Blue-Grey or Southeastern Jackson County Park, each parcel of which has and at all relevant times had a value in excess of Ten Thousand and 00/100 ($10,000.00) Dollars.

2. That on March 29, 1971, defendants Lehr, Wiggins and Bolger, for and on behalf of Jackson County, Missouri, executed a resolution assuring the Department of Housing and Urban Development that the land acquisition and relocation policy provisions of Title 42, U.S.C.A., Section 4601 et seq. would be followed by Jackson County, Missouri.

3. That during the months of March, April and May of 1971, defendant Jackson County, Missouri, caused said property to be appraised.

4. That some of the plaintiffs and intervening plaintiffs at the time of said appraisal were not given an opportunity by the appraisers to accompany them during their inspection of said properties and that the remaining plaintiffs and intervening plaintiffs were not given a full and reasonable opportunity by the appraisers to accompany them during their inspection of the properties.

5. That defendant Jackson County, Missouri, subsequent to said appraisal and during the months of June and July offered to plaintiffs and intervening plaintiffs various sums of money for said improved real property, all of which sums with the exception of that sum offered to plaintiff Martha J. McKee, were less than the highest appraisal of said improved real property.

6. That on July 27, 1971, a document entitled "Statement and Summary" was mailed to and received by plaintiffs and intervening plaintiffs, which document contained definitions of the methods of appraisals that had been made but which did not state or summarize the basis for the compensation offered to said plaintiffs and intervening plaintiffs.

7. That defendant Jackson County, Missouri, failed and refused to negotiate with plaintiffs and intervening plaintiffs for the acquisition of said improved real property nor did they allow said parties to examine the appraisals that had been made or present evidence of the value of their property.

8. That on August 19, 1971, defendants United States of America Department of Housing and Urban Development and Jackson County, Missouri, entered into a contract for a grant to Jackson County, Missouri, of Federal monies to acquire and/or develop land for open space purposes under Title VII of the Housing Act of 1961, as amended, whereby and wherein the assurances given by Jackson County, Missouri as aforesaid, were recited.

9. That on August 18, 1971, and on August 26, 1971, defendant Jackson County by and through the Jackson County Court authorized the filing of lawsuits for the condemnation of the improved real property of plaintiffs and intervening plaintiffs.

10. That on September 7, 1971, defendant Jackson County, Missouri, filed two lawsuits in the Circuit Court of Missouri, Sixteenth Judicial Circuit thereby seeking to condemn the improved real property of plaintiffs Martha J. McKee, Darrell J. Bethune and Ann Bethune and Ellis A. Sheets and Georgianna Sheets, Clell Lawrence and Shirley Lawrence, Homer E. Reinking and Leona M. Reinking and intervening plaintiffs James B. Devaney and Olivette F. Devaney and Roland L. Ham and Bernice L. Ham.

11. That on September 16, 1971, defendant Jackson County, Missouri filed a lawsuit in the Circuit Court of Missouri, Sixteenth Judicial Circuit seeking condemnation of the improved real property

of plaintiffs Robert Sykes and Ruth Ann Sykes.

12. That defendant Jackson County, Missouri failed to provide to said parties adequate relocation assistance by way of advice and information with regard to comparable property in the area which could be purchased by plaintiffs and intervening plaintiffs.

13. That plaintiffs and intervening plaintiffs have incurred and expended various sums as attorney's fees and for appraisal fees in defending said actions in the Circuit Court of Missouri, which sums are fair and reasonable and cannot be recovered by them in said action.

14. That defendant United States of America Department of Housing and Urban Development prior to the submission of this cause to the Court represented to the Court that they were presently requiring Jackson County, Missouri to comply with proposed interim guidelines set forth in Exhibit O of Standard Pretrial Order No. 2 which includes a written communication dated February 11, 1972, from S. Leigh Curry, Associate General Counsel, Department of Housing and Urban Development, Washington, D. C. to Harry I. Sharrott, Regional Administrator, Region VII (Kansas City).

15. That defendant Jackson County, Missouri has represented to the Court that it will comply with the request of defendant Department of Housing and Urban Development, contained in said Exhibit O.

16. That plaintiffs and intervening plaintiffs have incurred and expended various sums as and for attorney fees in connection with the prosecution of this action, which fees are fair and reasonable under the circumstances.

## CONCLUSIONS OF LAW

1. That this Court has jurisdiction of the parties and of the subject matter.

2. That plaintiffs and intervening plaintiffs are donee third party beneficiaries of the contract between the Department of Housing and Urban Development and Jackson County, Missouri by reason of the incorporation into said contract of Title 42, U.S.C.A., Sections 4622, 4623, 4624, 4625(c)(3), 4651, 4652, 4653 and 4654.

3. That Title 42, U.S.C.A., Section 4651 requires that the acquiring agency appoint one appraiser who shall provide to the owner of the land to be acquired an opportunity to accompany him during his inspection of the property; shall upon receipt of said appraisal establish an amount believed by the head of the acquiring agency to be just compensation for said real property, which amount shall not be less than the appraisal thereof; shall prepare and provide to the landowner a written statement of, and summary of the basis for, the amount he established as just compensation; that ordinarily such written statement and summary should include a description of the method of valuation employed and the reason the employed method was selected, the facts on which the valuation is based (for example the parties, price, location and similarity of a comparable sale) and the reasoning by which the amount of just compensation was established; that the acquiring agency after establishing the amount believed by the head of the acquiring agency to be just compensation, shall promptly offer the landowner such amount for the acquisition of said property; shall, in the event said offer is not accepted by the owner, enter into good faith negotiations for the acquisition of said property with the owner, who, during said negotiations may be represented and who shall be allowed to present evidence or information of the fair market value of said property, which evidence or information shall be considered by the acquiring agency and, if deemed by it sufficient, it shall make and present in writing a revised offer and, if the evidence or information presented by the owner requires it, or if an unreasonable delay has occurred since the time of appraisal, the appraisal shall be updated or a new appraisal shall be obtained in the manner

aforesaid whereupon, further negotiations shall be had in the manner hereinbefore specified; and the acquiring agency shall not institute nor threaten to institute condemnation proceedings prior to the exhaustion of the negotiation procedures hereinabove outlined.

4. That Title 42, U.S.C.A., Section 4625(a) requires that the state agency, as defined by Title 42, U.S.C.A., Section 4601(3), establish an effective relocation assistance advisory program for displaced persons [Title 42, U.S.C.A., Section 4601(6)] which shall promptly determine the need of said persons for such assistance and upon such a determination provide (not make available) the current and continuing information required by Title 42, U.S.C.A., Section 4625(c)(2) and assure by the taking of positive steps that the housing to be available as required by Title 42, U.S.C.A., Section 4625(c)(3) will be available and actively assist persons displaced from farm operations [Title 42, U.S.C.A., Section 4601(8)] in obtaining and becoming established in a suitable replacement location as required by Title 42, U.S.C.A., Section 4625(c)(4).

5. That defendant Jackson County, Missouri breached said contract by reason of its failure to comply with the provisions of Title 42, U.S.C.A., Section 4625(c) and 4651(1), (2), (3) and (7).

6. That plaintiffs and intervening plaintiffs have no adequate remedy at law and will be irreparably harmed unless and until equitable relief by this Court is granted to them by way of injunction and specific performance.

▪ 7. That Title 42, U.S.C.A., Section 4602(a) does not preclude this action for the reason that said action is not based upon rights arising under Title 42, U.S.C.A., Section 4601 et seq. but is based upon duties imposed by the administrative actions of the Department of Housing and Urban Development, the contractual relations between the Department of Housing and Urban Development and Jackson County, Missouri, and by Title 42, U.S.C.A., Section 4651.

▪ It is, therefore, by the Court considered, ordered, adjudged and decreed, that defendant Jackson County, Missouri is hereby permanently enjoined and restrained from further prosecution of the three actions which it caused to be filed in the Circuit Court of Missouri, Sixteenth Judicial Circuit against plaintiffs and intervening plaintiffs for condemnation of their improved real property and is hereby directed to dismiss the same without prejudice with leave to refile the same at any time after it has first complied with the following order of specific performance;

It is further ordered and decreed by the Court, that defendant Jackson County, Missouri shall (1) immediately appoint an appraiser directing him to appraise forthwith and without delay the improved real property of plaintiffs and intervening plaintiffs instructing said appraiser to provide to plaintiffs and intervening plaintiffs an opportunity to accompany him during his inspection of the property (2) upon receipt of said appraisal establish an amount believed by the head of the acquiring agency to be just compensation for said improved real property, which amount shall not be less than the appraisal thereof; (3) after having established the amount of just compensation, prepare and provide to plaintiffs and intervening plaintiffs a written statement and summary of the basis for the amount he established as just compensation, which statement and summary shall include a description of the method of valuation employed and the reason the employed method was selected, the facts on which the valuation is based, including such factors as the parties, price, location and similarity of comparable sales and the reasoning by which the amount of just compensation was established; (4) immediately thereafter promptly offer to plaintiffs and intervening plaintiffs the amount established as just compensation for the acquisition of their improved real prop-

erty; (5) in the event said offer is not accepted by plaintiffs and intervening plaintiffs, enter into good faith negotiations for the acquisition of their property with them or their representatives and during said negotiations permit them or their representatives to present evidence or information of the fair market value of said property, consider said evidence or information and, if deemed by said defendant to be sufficient, make and present in writing a revised offer and, if said evidence or information presented by plaintiffs and intervening plaintiffs requires it or if an unreasonable delay has occurred since the time of said appraisal, the appraisal shall be updated or a new appraisal shall be obtained in the manner aforesaid whereupon further negotiations shall be had in the manner hereinbefore specified; (6) said defendants shall not institute or threaten to institute condemnation proceedings prior to the exhaustion of the negotiation procedures hereinabove set out; (7) provide at all necessary times substantial and effective relocation assistance to plaintiffs and intervening plaintiffs by way of advice and assistance in locating safe, decent and sanitary housing and property as close to their present homes as is reasonably possible;

It is further ordered and decreed by the Court, that defendant Department of Housing and Urban Development and the administrative heads thereof be, and the same are hereby permanently enjoined and restrained from paying any Federal monies to defendant Jackson County, Missouri until such time as said defendant has complied with the order of this Court in acquiring the improved real property of plaintiffs and intervening plaintiffs;

It is further ordered and decreed by the Court, that there is no just reason for delay and the Clerk is directed to enter this portion of the judgment forthwith, the Court expressly reserves jurisdiction to determine the claim of plaintiffs and intervening plaintiffs for attorney's fees.