**PARAMOUNT FARMS, INC.,**
**Plaintiff-Appellant,**

v.

**Rogers C. B. MORTON et al.,**
**Defendants-Appellees.**

**No. 75–1159.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 22, 1975.

Decided Dec. 11, 1975.

---

Hiram D. Anderson, Jr., Stevens Point, Wis., for plaintiff-appellant.

Wallace H. Johnson, Asst. Atty. Gen., and Kathryn A. Oberly, Atty., Dept. of Justice, Washington, D. C., David C. Mebane, U. S. Atty., Madison, Wis., for defendants-appellees.

Before STEVENS and TONE, Circuit Judges, and KUNZIG *, Judge.

KUNZIG, Judge.

The question presented by this appeal is whether a Federal court has jurisdiction to review the alleged failure of the defendants to comply with the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 84 Stat. 1894, 42 U.S.C. § 4601 *et seq.* (1971) (Policy Act). Plaintiff sought to enjoin certain condemnation proceedings until the government complied with various guidelines contained in the Policy Act. The lower court dismissed this claim for relief for lack of subject matter jurisdiction. *Paramount Farms, Inc. v. Morton,* 384 F.Supp. 1294 (W.D.Wis.1974). We find that the district court was precluded by statute from reaching the merits of plaintiff's complaint and, therefore, affirm the dismissal.

Plaintiff is a family-owned corporation holding title to Outer Island, an island in Lake Superior. The land is located within the confines of the recently created Apostle Island National Park. Therefore, it was slated for acquisition by the government. Beginning in April 1972, the Park Service attempted to acquire Outer Island by negotiation and purchase. Plaintiff refused an offer of $195,000, claiming the Island was worth at least $900,000. When negotiations proved unsuccessful, the Park Service instituted the condemnation proceeding presently pending in the Western Dis-

---

* Judge Robert L. Kunzig of the United States Court of Claims is sitting by designation.

trict of Wisconsin. *United States v. 10,-100.01 Acres,* Civ. No. 73–C–235 (W.D. Wisc., filed Sept. 10, 1973).

Plaintiff subsequently brought this suit to enjoin the condemnation proceeding, alleging that the Park Service had not complied with the administrative guidelines outlined in section 4651 of the Policy Act, entitled "Uniform policy on real property acquisition practices." Specifically, plaintiff claimed that the Park Service had (1) not made every effort to acquire Outer Island by negotiation; (2) failed to appraise plaintiff's property; (3) failed to notify plaintiff of the value established by the Park Service as just compensation, and (4) used the threat of condemnation in an attempt to coerce the plaintiff into an agreement.[1]

Plaintiff's complaint alleged that the Administrative Procedure Act (APA) conferred jurisdiction to review the defendants' actions. Section 702 of the APA grants a right of judicial review to any individual "suffering legal wrong" or "adversely affected or aggrieved by agency action" within the meaning of a relevant statute. 5 U.S.C. § 702 (1971). A judicial determination is expressly foreclosed, however, where "statutes preclude judicial review. . . ." 5 U.S.C. § 701(a)(1) (1971).

Defendants challenge plaintiff's jurisdictional allegation on the ground that section 4602(a) of the Policy Act forecloses judicial consideration of the section 4651 guidelines which plaintiff seeks to enforce. Section 4602(a), 84 Stat. 1895, reads:

> The provisions of section [4651] . . . of [subchapter III] . . . of this Act *create no rights or liabilities* and shall not affect the validity of any property acquisition by purchase or condemnation. (emphasis added).

In an opinion of July 3, 1973, denying plaintiff's motion for a preliminary injunction in this case and in a later order of November 13, 1974, granting defendants' motion to dismiss, District Court Judge James E. Doyle relied on the "no rights or liabilities" language of section 4602(a) in denying the preliminary injunction and in granting the motion to dismiss. Plaintiff now appeals Judge Doyle's order granting defendants' motion to dismiss. We affirm the decision below as a well-considered resolution of the problem.

The sole question presented on appeal is whether this determination complies with the review standards outlined by sections 701 and 702 of the APA.

It is well settled that the APA implies a presumption of reviewability. The House Report to the APA noted:

> To preclude judicial review under this bill a statute, if not specific in withholding such review, must upon its face give clear and convincing evidence of an intent to withhold it. H.R.Rep. No. 1980, 79th Cong., 2d Sess. 41 (1946).

■ Section 702 of the APA has been liberally construed as "serving a broadly remedial purpose." *Association of Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 156, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). "[J]udicial review of such administrative action is the rule, and nonreviewability an exception which must be demonstrated." *Barlow v. Collins,* 397 U.S. 159, 166, 90 S.Ct. 832, 838, 25 L.Ed.2d 192 (1970). However, judicial review will be foreclosed where "there is persuasive reason to believe that such was the purpose of Congress." *Abbott*

---

1. The relevant portions of section 4651 read as follows:

   (1) The head of a Federal agency shall *make every* reasonable *effort to acquire* expeditiously *real property by negotiation.*
   (2) *Real property shall be appraised* before the initiation of negotiations . . . .
   (3) . . . . The head of the Federal agency concerned shall *provide the owner of real* property to be acquired *with a written statement* of . . . *the amount he established as just compensation.*

   \* \* \* \* \* \*

   (7) *In no event shall the head of a federal agency* . . . *take any other action coercive in nature, in order to compel an agreement* on the price to be paid for the property. (emphasis added)

*Laboratories v. Gardner,* 387 U.S. 136, 140, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967). Further, the APA does not confer jurisdiction to review agency determinations where the regulatory statute itself precludes judicial review. *Balanyi v. Electrical Workers Local 1031,* 374 F.2d 723, 726 (7th Cir. 1967). Therefore, we must review the legislative history as well as the meaning of the "no rights or liabilities" language of section 4602 of the Policy Act to determine if judicial review of agency action or inaction has been precluded by Congress.

Prior to passage, the Policy Act experienced a complicated series of amendments and deletions. The full legislative history was extensively reviewed in *Barnhart v. Brinegar,* 362 F.Supp. 464, 466–473 (W.D.Mo.1973). We concur with *Barnhart's* finding of clear and convincing evidence of Congressional intent to foreclose review under section 4651. This intent is evidenced most strongly by the House Report's description of section 4602(a) of the Policy Act:

> [The House version of the proposed Policy Act] provides that any determination by the head of the Federal agency administering a program or project, as to payments under the act, shall be final, and that this act does not give any person a cause of action or a defense to an action in any court, or create any new elements of value or damage in any eminent domain proceedings. . . .
>
> The committee has considered, but does not agree with proposals which would make the benefits provided by the bill subject to judicial review. The committee agrees with the judgment of the Department of Justice, and others, who believe that this would add an unnecessary burden to the overcrowded courts. H.R.Rep. No. 91–1656, 91st Cong., 2d Sess., (1970); U.S. Code Cong. & Admin.News, p. 5854 (1970).

Plaintiff contends that the report is irrelevant because it allegedly addressed a form of the bill which was later amend-

ed. However, the plain language of the final version of section 4651 adequately demonstrates that this philosophy was never abandoned. The introductory paragraph states that Federal agencies are merely *guided* "to the greatest extent practicable. . . ."

■ The text of the Policy Act and its legislative history make it abundantly clear that Congress expressly desired to deprive Federal courts of jurisdiction to entertain actions of this nature. The plaintiff's claim, therefore, falls within Section 701 of the APA, which provides an exception to reviewability where "statutes preclude judicial review." Indeed, it is difficult to attach any other meaning to the plain and unambiguous words "no rights or liabilities." We agree with Judge Doyle's conclusion that a party lacking rights or liabilities under section 4651 cannot be adversely affected or aggrieved by agency action under that statute.

Recent decisions analyzing section 4651 support this conclusion. In *Rhodes v. City of Chicago,* 516 F.2d 1373 (7th Cir. 1975), we relied on the plain meaning and the legislative history of section 4602(a) and refused to review violations similar to those asserted by the plaintiff in this case. *See also, Will-Tex Plastics Mfg., Inc. v. Department of Housing and Urban Development,* 346 F.Supp. 654 (E.D.Pa.1972), *aff'd without opinion,* 478 F.2d 1399 (3rd Cir. 1973); *Barnhart v. Brinegar, supra; Martinez v. Department of Housing and Urban Development,* 347 F.Supp. 903 (E.D.Pa.1972); *Rubin v. Department of Housing and Urban Development,* 347 F.Supp. 555, 558 (E.D.Pa.1972).

Plaintiff argues that in *Bethune v. United States,* 376 F.Supp. 1074 (W.D. Mo.1972), the court found jurisdiction to reach the merits of alleged section 4651 violations. Although the *Bethune* court did enjoin condemnation proceedings pending a county's compliance with the negotiation and appraisal provision of section 4651, that case is clearly distinguishable from the instant situation. The condemnee's right of review in *Be-*

*thune* stemmed from a *contract* between the county and H.U.D. which incorporated the guidelines of section 4651. The court concluded that the "no rights or liabilities" language of section 4602(a) "does not preclude this action for the reason that *said action is not based upon rights arising under Title 42, U.S.C.A., Section 4601 et seq., but is based upon duties imposed by . . . the contractual relations* between [H.U.D.] and Jackson County, Missouri." *Bethune, supra,* 376 F.Supp. at 1078. The record presented on this appeal contains no evidence of a similar contract. Plaintiff's reliance on *Bethune* is misplaced.

Moreover, we recently held that condemnation actions may not be affected by alleged noncompliance with section 4651. *United States v. 416.81 Acres,* Nos. 74–1307 and 74–1308 (7th Cir., decided April 28, 1975). There, various landowners in a condemnation proceeding sought to exclude the testimony of three government appraisers who. had not complied with the provisions of section 4651. In an opinion by Mr. Justice Clark,[2] sitting by designation, this court rejected the landowners' contentions, noting:

> Their arguments might have some force were it not for the language of Section [4602(a)] . . . of the same Act. . . . It appears clear, therefore, that Section [4651] . . . is entirely exhortatory and that appellants' reliance upon it is misplaced. *United States v. 416.81 Acres, supra,* slip opinion at 6.

Mr. Justice Clark's conclusion that the guidelines of section 4651 are merely advisory is supported by several pragmatic considerations. First, plaintiff appears to be seeking this court's aid in order to obtain a more expeditious and lucrative sale of its holdings to the defendant. Section 4651 of the Policy Act was not intended to be utilized in this manner. Its purpose is limited to providing uniform nationwide "guidelines" in the public taking of lands by the Federal Government. As Congress feared, Federal courts could be flooded with multiple litigation if landowners were vested with a cause of action based on alleged noncompliance with section 4651. Further, every Federal project would be subject to costly delays, and the public at large would become the ultimate victim. As stated by the House Report to the bill, "The committee agrees with the judgment of the Department of Justice, and others, who believe that [judicial review] would add an unnecessary burden to the over-crowded courts." H.R.Rep. 91–1656, *supra.*

Second, the guidelines of section 4651 do not create any additional hardships or obligations for condemnees. The Policy Act merely supplements the existing statutory scheme for condemnation. Rather than imposing additional burdens, the guidelines of section 4651 are designed purely for the landowners' benefit. Therefore, since the government's alleged failure to comply with the guidelines implemented in the Act *at worst* leaves plaintiff in the same position he was prior to enactment, we cannot say that plaintiff will be in any way harmed by our interpretation.

Third, the plaintiff conceded at oral argument that the condemnation proceeding instituted by the government in the district court provides a remedy for plaintiff's dilemma. Through discovery, plaintiff can gain access to much of the information which it has allegedly been denied in the case at bar.

However, not all policy considerations favor the government's position. Plaintiff calls our attention to the fact that the government could abandon the condemnation proceedings. Fed.R.Civ.P. Rule 71A(i). We sympathize with plaintiff's anxiety in that the government could discard its plans to purchase Outer Island. But Congress has alleviated much of the inconvenience which this may cause plaintiff. Section 4654 of the Act provides that the owner of real property shall be reimbursed for "rea-

---

2. Associate Justice Tom C. Clark, United States Supreme Court.(Ret.).

sonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred . . . if . . . the proceeding is abandoned by the United States." 42 U.S.C. § 4651 (1971).

Plaintiff further points out that the defendants furnished it a copy of section 4651 during the negotiations for purchase. With some justification, plaintiff assumed that the Park Service was bound by the section's contents. If this is true, the government's conduct in this case could scarcely be condoned. Guidelines promulgated by Congress have presumably been ignored by defendants. However, we are powerless, absent a constitutional challenge, to override the clear intent of Congress to proscribe our jurisdiction in this instance.

In short, the Policy Act's language, legislative history, judicial decisions and policy considerations all compel the conclusion that Congress never intended to permit judicial review of agency action taken or omitted pursuant to guidelines in section 4651 of the Policy Act. Therefore, we hold that Judge Doyle did not err by dismissing plaintiff's complaint and we affirm the judgment below.

Affirmed.