424 F.Supp. 259 (1976)
Robert BOSTON, a/k/a Robert T. Boston, and Eleanora M. Boston, his wife, Plaintiffs,
v.
UNITED STATES of America, DEPT. OF INTERIOR, et al., Defendants.
No. 76-811C(4).
United States District Court, E. D. Missouri, E. D.
October 28, 1976.
*260 Donald M. Witte, Clayton, Mo., for plaintiffs.
William R. Dorsey, Clayton, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
Plaintiffs have filed suit herein seeking declaratory and injunctive relief in connection with the condemnation of their property.
The parties have presented this cause to the Court on the basis of a stipulation. The Court makes the following findings of fact and conclusions of law based on that stipulation:

FINDINGS OF FACT
1. Plaintiffs Robert Boston and Eleanora M. Boston, husband and wife, are adult *261 citizens of the United States and residents of the state of Missouri. Plaintiffs owned real property described as follows:
Situate in the County of St. Louis, State of Missouri, to-wit:
A tract of land in Fractional Section 19 Township 46 North, Range 6 East, St. Louis County, Missouri and being more particularly described as follows:
Beginning at the intersection of the North line of "ACRETON", a subdivision recorded in Plat Book 17 page 62 of the St. Louis County Records with the West line of property conveyed to the City of St. Ann, Missouri by instrument recorded in Book 6770 page 806 of said records, said intersection being 30 feet West of the center line of Ashby Road; thence North 82 degrees 50 minutes West 996.57 feet to an iron pipe set at the Southeast corner of property conveyed to the City of St. Ann, Missouri by instrument recorded in Book 5782 page 365 of said records from which corner an old stone at the Northeast corner of Lot 5 of said "ACRETON" bears South 82 degrees 50 minutes East 41.30 feet; thence North 7 degrees 29 minutes 40 seconds East along said East line of property so conveyed to the City of St. Ann, Missouri 906.35 feet to a point in the South line of "ST. ANN HILLS PLAT NO. 3", a subdivision recorded in Plat Book 45 pages 48 and 49 of said records, being also the South line of U. S. Survey 1203; thence South 82 degrees 58 minutes East along the said South line of last mentioned Subdivision 992.59 feet to the Southeast corner thereof, being a point in said West line of property conveyed to the City of St. Ann, Missouri; thence Southwardly along last mentioned line, being a line 30 feet West of and parallel to the center line of Ashby Road, South 6 degrees 56 minutes 48 seconds West 350.01 feet and South 7 degrees 25 minutes 39 seconds West 558.64 feet to the point of beginning and containing 20.7389 more or less acres.
2. Defendant Thomas Kleppe is the Secretary of the Department of the Interior of the United States, which is a federal agency with ultimate administrative authority and control with respect to the Land and Water Conservation Act of 1965, 16 U.S.C. § 460l -4 et seq. Defendant Darryl Thompson is the Regional Director, Recreational Assistance, Mid-Continent Region, Bureau of Outdoor Recreation (BOR), Department of the Interior, and is the agent of the Department of Interior who is directly responsible for implementation and administration of programs and projects in accordance with 16 U.S.C. § 460l-4 et seq. in the state of Missouri. Defendant Wayne Gross is Director, Outdoor Recreation Assistance Program, Department of Natural Resources, State of Missouri, and is the successor to the Executive Secretary of the Missouri Inter-Agency Council for Outdoor Recreation. Defendant City of St. Ann is and was at all times relevant herein, a fourth-class city, organized, created, and existing according to Chapter 79, R.S.Mo. (1969), and as such, is a political subdivision of the state of Missouri.
3. On March 15, 1973, there was an agreement between BOR and the Outdoor Recreation Assistance Program to fund a project for the Tiemeyer Park Acquisition which was project number 29-00466. On or about March 27, 1973, defendant City executed a contract for this project with the Inter-Agency Council for Outdoor Recreation of the Department of Natural Resources of the state of Missouri. This contract authorized a grant which terminated on April 30, 1974 but which has been extended to April 30, 1977 by agreement between BOR and the Outdoor Recreation Assistance Program. To date, no funds have been distributed to the defendant City under the terms of this contract. These contracts provide that "[t]he State Agency or Political Subdivision agrees to comply with the terms and intent of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 84 Stat. 1894 (1970)."
4. The United States of America, by and through the Bureau of Outdoor Recreation of the Department of the Interior, entered into an agreement with the state Inter-Agency *262 Council for Outdoor Recreation of the state of Missouri in which the United States promised to provide no more than fifty percent in financial assistance under the Land and Water Conservation Act of 1965, 16 U.S.C. § 460l-4 et seq. The amount of the grant was $76,719.50, to be disbursed by the state of Missouri to defendant City under the City's contract with the Outdoor Recreation Assistance Program for the acquisition of land to enlarge Tiemeyer Park. On or about April 21, 1975, this agreement was amended by extending the project and approval for participating funds through April 30, 1977 and decreasing the amount of the grant to $75,220.00.
5. On May 5, 1975, the Board of Aldermen of the City of St. Ann passed Ordinance No. 769, approved by the Mayor on May 6, 1975, which provided that Tiemeyer Park was to be enlarged by acquisition of plaintiffs' property, approximately 20 acres. The City was authorized to purchase the property through negotiation but if unsuccessful, condemnation proceedings were authorized.
6. On May 20, 1975, defendant City instituted condemnation proceedings against plaintiffs to acquire their real property. Suit was filed in the Circuit Court of St. Louis County, Missouri, cause number 368465 and was assigned to Division 13, in which the Honorable John R. Rickhoff presides. On June 5, 1975, plaintiffs herein filed a motion to dismiss the condemnation proceedings, which motion was overruled on June 16, 1975.
7. On July 18, 1975, Commissioners, duly appointed by the Court, held a hearing at which both the Bostons and defendant City presented evidence concerning valuation of the property. The Bostons were represented by counsel. On July 25, 1975, the Commissioners filed their report with the Court, awarding the Bostons $186,650.10. This sum was paid into the registry of the Court on August 4, 1975 by defendant City and, to date, is still on deposit therein.
8. On August 4, 1975, defendant City filed exceptions to the Commissioners' Report and on August 6, 1975, the Bostons did the same. The matter is still pending and awaiting trial.
9. On August 10, 1975, the Circuit Clerk of St. Louis County filed a copy of the Report of the Commissioners in the Office of the Recorder of Deeds of St. Louis County, Missouri.
10. On or about September 5, 1975, William R. Dorsey, City Attorney for the City of St. Ann, wrote a letter to Donald M. Witte, attorney for the Bostons and attached to this letter the following forms:
a) Application for Reimbursement of Expenses Incidental to Conveyances of Real Property;
b) Qualification statement for benefits under Public Law 91-646  Owner's Dwelling;[1]
c) Qualification statement for benefits under Public Law 91-646  Tenants and Certain Others;
d) Qualification statement for benefits under Public Law 91-646  Moving Expenses for Businesses or Farm Operations;
e) Application for Moving Costs and Related Expenses  Families and Individuals;
f) Application for Replacement Housing Payment for Tenants and Certain Others;
g) Application for Replacement Housing Payments  Homeowners;
h) Application for Payment of Moving Costs and Related Expenses  Business and Farm Operations, and A) Allowable Moving Expenses (Explanation);
i) Schedule A  moving and related expenses, including storage, business and farm operations;
j) Schedule B  statement of actual direct losses of property  business and farm operations;
k) Schedule C  statement of actual reasonable expenses in searching for a new location  business and farm operations;
*263 l) Schedule D  payment in lieu of moving and related expense payments  business and farm operations;
m) Example of computation of payments for increased interest costs  Dwelling to be acquired;
n) Statement of just compensation;
o) Information for land owners and tenants about benefits under the Uniform Relocation Assistance and Real Property Acquisition Policy Act of 1970  Public Law 91-646;
p) Schedule of fixed moving expenses.
11. On or about March 31, 1976, defendant City served notice upon plaintiffs to vacate the property by April 30, 1976. On April 30, 1976, plaintiffs filed a motion entitled "Motion to Dismiss for Lack of Jurisdiction and a Memorandum in Support Thereof" in the Circuit Court of St. Louis County, Division 13. In this motion, plaintiffs asserted that defendant City had failed to comply with 42 U.S.C. §§ 4651, 4652, 4653, and 4655, contrary to the provision in the contract that defendant City would comply with the terms and intent of the Uniform Relocation Assistance and Real Property Acquisition Policy Act of 1970. Plaintiffs alleged that they were third-party beneficiaries of the contract between BOR and the City. Defendant City filed a memorandum in opposition to this motion and plaintiffs filed a reply. On June 3, 1976, the Honorable John R. Rickhoff entered an order which read: "The Defendants' [the plaintiffs herein] Motion to Dismiss is Overruled". This order has not been appealed.
12. On May 28, 1976, the Circuit Clerk of St. Louis County gave notice to plaintiffs, as required by § 523.055, R.S.Mo. (1969), stating that $186,650.10 had been deposited in the registry of the Court on August 4, 1975. Said notice was not given within five days after deposit as required by § 523.055, R.S.Mo. (1969).
13. On or about June 7, 1976, plaintiffs herein filed two motions in the Circuit Court of St. Louis County, one entitled "Motion of Defendants to Grant Them an Extension of Time to Retain Possession of the Real Property", and the second entitled "Motion for Temporary Restraining Order, Temporary Injunction and Permanent Injunction". After a hearing on June 7, 1976, the Honorable John R. Rickhoff granted defendants [plaintiffs herein] ninety days to give possession and overruled their motion for temporary restraining order, etc.
14. All federal moneys received by the state of Missouri from the Land and Water Conservation Fund Act of 1965 are governed under Missouri law by § 258.080, R.S.Mo. (1969) which provides:
(1) There is hereby created in the state treasury for the use of the state interagency council for outdoor recreation a fund to be known as "The Inter-Agency Council Fund". All federal moneys received by the state of Missouri from the land and water conservation fund act of 1965, public law 88-578, shall be deposited in the fund.
(2) Moneys deposited in the fund shall, upon appropriation by the general assembly to the state inter-agency council for outdoor recreation, be received and expended or allocated by the state inter-agency council for outdoor recreation for outdoor recreation planning, acquisition and development and for no other purposes; provided, however, that not less than fifty per cent of the moneys appropriated shall be allocated by said Council to political subdivisions of the state of Missouri, none of which moneys so allocated shall be expended for the improvement or operation of projects under the supervision or control of any state agency.
15. Neither defendant City, Outdoor Recreation Assistant Program, nor BOR have done any of the following:
a) appraised plaintiffs' property before negotiation, giving plaintiffs an opportunity to accompany the appraiser;
b) established just compensation for the property at no less than the approved appraisal;
*264 c) furnished plaintiffs with a written statement of, and summary of the basis for, the amount established as just compensation;
d) made an offer of just compensation so established, and if rejected by plaintiff, attempt negotiations toward compromise;
e) if the property is to be acquired by exercise of eminent domain, have the Secretary of Interior institute formal condemnation proceedings.

CONCLUSIONS OF LAW
Plaintiffs' claims may be divided into two groups: claims of denials of "property acquisition" rights (claims based on 42 U.S.C. § 4651) and claims of denials of relocation assistance rights (based on 42 U.S.C. §§ 4622 and 4625). These claims will be treated separately herein.

"Property Acquisition" Rights
Plaintiffs assert that this Court has jurisdiction over this claim by virtue of 28 U.S.C. §§ 1331, 1343, 1361, 1337, and 5 U.S.C. § 701 et seq.
Section 4651 provides that the heads of federal agencies make reasonable efforts to acquire property by negotiation; that the property be appraised and the owner afforded the opportunity to accompany the appraiser; that just compensation be established before negotiations with the property owner, at an amount not less than the appraised amount; that the owner be furnished with a written statement of the basis for the amount established as just compensation; and that the head of the federal agency institute formal condemnation proceedings if the real property is to be acquired by the exercise of the power of eminent domain.
Title 42 U.S.C. § 4602(a) provides that The provisions of section 4651 of this title create no rights or liabilities and shall not affect the validity of any property acquisitions by purchase or condemnation.
Because of the exclusionary language of § 4602, numerous courts have held that property owners may not bring suit claiming that they have not been afforded the rights enumerated in § 4651. See Paramount Farms, Inc. v. Morton, 527 F.2d 1301 (7th Cir. 1975); Barnhart v. Brinegar, 362 F.Supp. 464 (W.D.Mo.1973); Will-Tex Plastics Mfg., Inc. v. Department of Housing & Urban Development, 346 F.Supp. 654 (E.D. Pa.1972), aff'd, 478 F.2d 1399 (3d Cir. 1973).
In Bethune v. United States, Department of Housing and Urban Development, 376 F.Supp. 1074 (W.D.Mo.1972), the court held that the § 4602 exclusion did not preclude judicial review of claims of denials of § 4651 rights where the
action is not based upon rights arising under Title 42, U.S.C.A., Section 4601 et seq. but is based upon duties imposed by the administrative actions of the Department of Housing and Urban Development, the contractual relations between the Department of Housing and Urban Development and Jackson County, Missouri, and by Title 42, U.S.C.A., Section 4651.
Accordingly, plaintiffs herein contend that due to the contractual relationship between BOR and the state agency, providing that the state agency will comply with the terms and intent of the Uniform Relocation Assistance and Real Property Acquisition Policy Act of 1970, plaintiffs are entitled to the injunctive relief they seek. The Court disagrees.
In a later case from the Western District of Missouri, Barnhart v. Brinegar, 362 F.Supp. 464 (W.D.Mo.1973), the court rejected the theory that plaintiffs could proceed via a "contractual" theory, instead of a claim of statutory right. The court indicates that the property owners would not be construed to be third-party beneficiaries of the contract, citing Johnson v. Redevelopment Agency, 317 F.2d 872 (9th Cir. 1963), cert. denied, 375 U.S. 915, 84 S.Ct. 216, 11 L.Ed.2d 154 (1963) wherein the court held:
The federal courts have consistently held that those not parties to the contract have no standing to enforce conditions *265 imposed on [state] agencies by the United States, although those suing would benefit from such enforcement.
More importantly, the court held that jurisdiction did not exist under 28 U.S.C. § 1331 since the right asserted is not a federal right, and thus an assertion of contract right "does not present a case which `arises under' the Constitution or laws of the United States". Id. at 476.
Plaintiffs have also based jurisdiction on 28 U.S.C. § 1343. Presumably, they are relying on that subsection of § 1343 which provides:
The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
. . . . .
(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.
The statute to which plaintiffs have referred in conjunction with the assertion of § 1343 as a jurisdictional basis is 42 U.S.C. § 1983 which provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .
Even assuming that these defendants were persons within the meaning of these statutes, it is clear from the Barnhart case, supra, that plaintiffs have no "rights, privileges or immunities secured by the Constitution and laws" in the present context. The federal statute clearly denies plaintiffs those rights; a simple contractual right would not be sufficient to confer § 1343 jurisdiction herein.
Plaintiffs assert that 28 U.S.C. § 1361 confers jurisdiction. This statute provides that
[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.
Obviously, this statute would not confer jurisdiction over the state defendants. Moreover, the Court is of the opinion that this statute can not apply to the federal defendants herein. Under the terms of the statute, as stated above, there is no duty owing to the plaintiffs herein, and accordingly, there can be no jurisdiction to compel an officer to perform a duty which is not owed to plaintiffs. Had this project been a federal project, instead of a state project, there would have been no contractual agreement between governments, and therefore, no contractual claim could be made. The Court has been unable to find, and the parties have not provided, any case in which the duty claimed to be owing to the plaintiffs was a contractual duty. The Court refuses to find jurisdiction pursuant to the mandamus statute simply because of the fortuitous circumstances that this is a state project and thus there exists a contract between the state and federal agencies on which plaintiffs base their claim.
Plaintiffs also assert 5 U.S.C. § 701, et seq. as a jurisdictional basis. The Administrative Procedure Act, however, does not confer jurisdiction upon this Court. See Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe, 370 F.2d 529 (8th Cir. 1967); Bramblett v. Desobry, 490 F.2d 405 (6th Cir. 1974) cert. denied, 419 U.S. 872, 95 S.Ct. 133, 42 L.Ed.2d 111 (1974).
Lastly, plaintiffs claim that 28 U.S.C. § 1337 confers jurisdiction herein. That statute provides:
[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.
*266 The Court has severe doubts that the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 could be construed to be an act regulating commerce. Assuming arguendo that the Act can be so construed, the Court is of the opinion that this action does not arise under such Act. As stated above in reference to plaintiffs' claim of jurisdiction under 28 U.S.C. § 1331, since the Act in question denies plaintiffs any rights under the Act, this suit can not be one arising under the Act. If the claim is based on contract, it clearly does not arise under an Act of Congress regulating commerce.
Accordingly, the Court must conclude that jurisdiction is lacking over plaintiffs' claims of denials of property acquisition rights as enumerated in 42 U.S.C. § 4651.

Relocation Assistance Rights
Plaintiffs have also asserted that defendants have denied them rights enumerated in 42 U.S.C. § 4622 which provides that the agency involved "shall make a payment to any displaced person, upon proper application . . ." for moving expenses, losses of tangible personal property, and expenses incurred in searching for a replacement business or farm (emphasis added); and the rights enumerated in 42 U.S.C. § 4625 which requires the involved agency to "provide a relocation assistance advisory program for displaced persons . . ." which program shall
(1) determine the need, if any, of displaced persons, for relocation assistance;
(2) provide . . . information on the availability, prices, and rentals, of comparable decent, safe, and sanitary sales and rental housing, and of comparable commercial properties and locations for displaced businesses;
(3) assure that, within a reasonable period of time, prior to displacement there will be available in areas not generally less desirable . . . and at rents or prices within the financial means of the families and individuals displaced, decent, safe, and sanitary dwellings . . .
(4) assist a displaced person displaced from his business or farm operation in obtaining and becoming established in a suitable replacement location;
(5) supply information concerning Federal and State housing programs, disaster loan programs, and other Federal or State programs offering assistance to displaced persons; and
(6) provide other advisory services to displaced persons in order to minimize hardships to such persons in adjusting to relocation.
The Court is of the opinion that jurisdiction over these claims exist pursuant to 28 U.S.C. §§ 1331 and 1361. The Court concludes, however, that plaintiffs may not prevail as to the claim relating to § 4622 rights. The statute specifies that payments to displaced persons shall be made "upon proper application . . .". The stipulation of the parties, upon which this cause was presented, indicates that plaintiffs received the proper forms on which to make application; however, there is no indication that plaintiffs made such application. Under these circumstances, the Court can not conclude that plaintiffs have been denied the rights granted to them under § 4622. Cf., Rubin v. Department of Housing and Urban Development, 347 F.Supp. 555 (E.D. Pa.1972).
The claim of denial of § 4625 rights must also fail. Among the forms sent to plaintiffs was a three-page statement entitled "INFORMATION FOR LANDOWNERS AND TENANTS ABOUT BENEFITS UNDER THE UNIFORM RELOCATION ASSISTANCE AND REAL PROPERTY ACQUISITION POLICIES ACT OF 1970  PUBLIC LAW 9; [91]-646". Located therein is a paragraph entitled "Relocation Assistance" which provides:
The Government agency (Federal, State or local) will, to the greatest extent possible, assist displaced landowners and tenants in locating and becoming established in a decent, safe, and sanitary replacement housing, and in locating replacement farm and business properties. It *267 would also provide assistance in completing applications for moving and other expenses and payments authorized by Public Law 91-646. Should you have questions, the Government agency (Federal, State or local) negotiator will be glad to discuss them with you, or you may write to the State Inter-Agency Council for Outdoor Recreation which administers Missouri's share of the Land & Water Conservation Fund.
While it is clear that this provision of the Act is mandatory, see Tullock v. State Highway Commission of Missouri, 507 F.2d 712 (8th Cir. 1974), the evidence fails to establish that defendants refused to provide these services for plaintiffs. Plaintiffs were provided with the necessary information with which to claim these rights but apparently, chose not to contact the State Inter-Agency Council for Outdoor Recreation for advisory services. This Court will not require defendants to seek out persons who may be entitled to benefits under the law and provide those benefits to such persons. It is the Court's opinion that defendants satisfied the statute's requirements by providing the necessary information and allowing plaintiffs to decide whether to avail themselves of their statutory benefits. There is no evidence herein that plaintiffs were denied advisory services. To the contrary, the evidence indicates that plaintiffs were advised that such services were available but instead chose not to seek such services. Under these circumstances, plaintiffs are not entitled to injunctive relief. Cf., Rubin v. Department of Housing and Urban Development, supra.
Having found that jurisdiction is lacking as to plaintiffs' claims pursuant to § 4651, and that the evidence fails to establish that defendants have denied plaintiffs' rights under §§ 4622 and 4625, judgment will be entered for defendants.
NOTES
[1] The Court notes that Public Law 91-646 is the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 460l et seq.