124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John and Susan WALLISER, Plaintiffs-Appellants,
v.
Kirk BROWN, Secretary, Illinois Department of
Transportation, Julian Dsposito, Chairman, Illinois State
Toll Highway Authority, and Rodney E. Slater, Secretary,
U.S. Department of Transportation, Defendants-Appellees.
 No. 96-3602.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 13, 1997.*
Decided Aug. 13, 1997.
Rehearing and Suggestion for Rehearing In Banc Denied Oct. 15, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.
 
 
 2
 Before COFFEY, FLAUM, and KANNE, Circuit Judges
 
 ORDER
 
 3
 John and Susan Walliser filed a three-count complaint in federal district court seeking damages and injunctive relief under 42 U.S.C. § 1983 for alleged constitutional violations associated with a highway construction project by the State of Illinois. The district court dismissed two of the counts for lack of jurisdiction pursuant to the Rooker-Feldman doctrine and the third for lack of federal subject matter jurisdiction. We affirm.
 
 
 4
 John Walliser was the sole owner of J. Walliser Ltd., a business which designed and built residential homes. In June 1989 the Wallisers built a home on a tract of land ("Parcel One") in Will County, Illinois. In addition to providing a personal residence, the house acted as a model home for additional residences they planned to build and sell. As part of their building plan, the Wallisers purchased a nearby five-acre tract of land ("Parcel Two") which they intended to subdivide and develop. In May 1990, the Wallisers learned that their house on Parcel One was located in a right-of-way of new construction on Interstate 355. The Illinois Department of Transportation ("IDOT") informed them that they were eligible for a hardship acquisition of Parcel One. The State bought the Wallisers' home and leased it back to them for $1,125 per month. Meanwhile, the Wallisers were seeking to obtain a zoning classification for Parcel Two in order to begin projects on that tract, including the construction of their new home. This zoning classification, however, was denied by the local county zoning board due to the proximity of the proposed highway.
 
 
 5
 In August 1991, a few months after the Wallisers began to lease their house on Parcel One from the State, they stopped paying rent. Consequently, the State brought a forcible entry and detainer action against the Wallisers. After a trial, judgment was entered in favor of the State and the decision was affirmed by the Illinois Appellate Court. People v. Walliser, 629 N.E.2d 1189 (Ill.App.Ct.1994). The Illinois Supreme Court denied transfer. At the same time the State sued the Wallisers, they filed an action against the State in state court, seeking damages against Brown for, among other things, not providing assistance as required under the Illinois Displaced Persons Relocation Act, 310 ILCS 40/0.01, and for depriving them of property without due process of law. The trial court dismissed the action and the Illinois Appellate Court affirmed. Downers Grove National Bank v. Kirk Brown, et al., No. 3-93-0443 (unpublished).
 
 
 6
 The Wallisers then filed the present suit in federal district court in April 1996 alleging violations under 42 U.S.C. § 1983. Count I alleges that Brown deprived them of property without due process of law. Count I alleges that the secretary of DOT, Kirk Brown, failed to comply with the Illinois Displaced Persons Relocation Act by not providing them with relocation benefits. Count III alleges that the United States Department of Transportation failed to monitor Illinois' compliance with the Uniform Relocation Assistance and Real Property Acquisition Act ("URA") and had failed to eliminate funding of the project based on the alleged noncompliance. Count III sought to enjoin the defendants from displacing the Wallisers and sought to prohibit continued work on the highway project at issue and any "Federal Aid Project[ ]" until the defendants complied with state and federal laws. The district court dismissed Counts I and II under the Rooker-Feldman doctrine and dismissed Count III for lack of federal subject matter jurisdiction.
 
 
 7
 Under the Roooker-Feldman doctrine, lower federal courts lack jurisdiction to review state court determinations. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). District courts are barred from reviewing claims which are "inextricably intertwined" with a state court ruling. Feldman, 460 U.S. at 483 n. 16. In Count I, the Wallisers seek relief from alleged due process violations resulting from Brown's failure to follow Illinois law in the planning and implementation of the proposed highway project. Count II seeks damages for Brown's failure to provide assistance to the Wallisers in accordance with the Illinois Displaced Persons Relocation Act ("Act"). These issues, however, are "inextricably intertwined" with the two decisions of the Illinois state courts which concluded that the Wallisers (1) were not "displaced persons" (2) were ineligible for assistance under the Act; and (3) had not been deprived of property without due process of law. Were it not for the adverse rulings in the state court suits, the Wallisers would have no federal action to bring. See Garry v. Geils, 82 F.3d 1362, 1368 (7th Cir.1996) (concluding that the plaintiffs' § 1983 suit seeking relief for condemnation of their land was barred by Rooker-Feldman when "the injury alleged was only complete when the state court actually condemned the property"). "A defendant who has lost in state court and sues in federal court does not assert injury at the hands of his adversary; he asserts injury at the hands of the court, and the second suit therefore is an effort to obtain collateral review[,]" which the lower federal courts lack jurisdiction to entertain in civil cases. Homola v. McNamara, 59 F.3d 647, 650 (7th Cir.1995); see also GASH Assoc. v. Village of Rosemont, Illinois, 995 F.2d 726, 728 (7th Cir.1993). The Wallisers now seek essentially to overturn the state courts' judgments with respect to the issues in Counts I and II of the federal complaint; this they cannot do. Ritter v. Rosa, 992 F.2d 750, 754 (7th Cir.1993) (internal quotation omitted) ("[A] plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action."). Because the district court lacked jurisdiction over the Wallisers' claims, it properly dismissed Counts I and II.
 
 
 8
 Even if the claims were not barred under Rooker-Feldman, they would be barred under the doctrine of res judicata. The preclusive effect of a state court judgment on a subsequent § 1983 claim in federal court is a matter of state law. Rooding v. Peters, 92 F.3d 578, 580 (7th Cir.1996). "Under Illinois law, a final judgment in one action acts as a bar to bringing a subsequent action where there are identity of the parties, subject matter, and causes of action." Id; see also Leow v. A & B Freight Line, Inc., 676 N.E.2d 1284, 1285 (Ill.1997). The Walliser's assertion in Count I of the instant complaint that Kirk Brown and IDOT denied them their "property without due process of law" already was decided by the Illinois Appellate Court which concluded that the Wallisers "cannot allege a property right sufficient to sustain a [deprivation of property without due process of law] cause of action against ... IDOT."). See Def Br. at App. A-I at A-3 to A-4, March 8, 1994 Order of the Illinois Appellate Court. With respect to Count II, that the Wallisers were denied assistance under the Illinois Displaced Persons Relocation Act, the Illinois Appellate Court held on two occasions that the Wallisers were not "displaced persons" within the meaning of the Act. Because the issues already have been decided by the Illinois state court, Counts I and II are barred from federal review under the doctrine of res judicata.
 
 
 9
 Finally, in Count III, the Wallisers assert that state officials did not comply with state and federal laws and regulations and that the U.S. Secretary of Transportation ("USDOT") failed to monitor compliance with the Uniform Relocation Act ("URA"). The district court dismissed this count for lack of jurisdiction, stating that because the project was not federally funded, the federal URA did not apply. We agree. The USDOT submitted evidence during the state trial that the project at issue was funded entirely by the State of Illinois. As such, the federal Uniform Relocation Act is not applicable. See Rhodes v. City of Chicago, 516 F.2d 1373, 1377-78 (7th Cir.1975). In any event, federal courts lack jurisdiction to review actions taken under the URA, 42 U.S.C. § 4651, et seq. Id. at 1378; see also Paramount Farms, Inc. v. Morton, 527 F.2d 1301, 1306 (7th Cir.1975). Accordingly, the district court appropriately dismissed this claim for lack of jurisdiction. To the extent that Count III seeks relief against state officials for failing to provide relocation assistance under state law, the claims are barred by the Rooker-Feldman doctrine for the reasons discussed above.
 
 
 10
 Finally, the Wallisers assert that the district court erred in denying as moot their motion seeking appointment of counsel, a determination which we review for an abuse of discretion. Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1990). In light of the fact that the district court denied the Wallisers' motion to proceed in forma pauperis and the fact that the complaint was to be dismissed without prejudice if the filing fee was not paid within five days, the decision to deny as moot the motion to appoint counsel was not an abuse of discretion.[1]
 
 
 11
 AFFIRMED,
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P 34(a), Cir. R. 34(f)
 
 
 [1]
 The record does not indicate that the Wallisers renewed their motion for appointment of counsel at a later time