**Carl E. NELSON, et al., Plaintiffs,**

**v.**

**Claude S. BRINEGAR, Individually and as a Secretary of Transportation of the United States, et al., Defendants.**

**Civ. A. No. 73–C–171.**

United States District Court,
E. D. Wisconsin.

Oct. 18, 1976.

---

David L. Walther and Daniel A. Noonan, Milwaukee, Wis., for plaintiffs.

David B. Bukey, Asst. U. S. Atty., Milwaukee, Wis., for defendants Brinegar and Robert H. Paddock.

Charles A. Bleck, Asst. Atty. Gen., Madison, Wis., for defendants Norman M. Clapp and Robert T. Huber.

## JURISDICTION

REYNOLDS, Chief Judge.

This action arises under the laws of the United States to-wit: Titles 2 and 3 of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970. This action seeks both injunctive relief (Claim I) and a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.Code, Section 2201 (Claim II).

Amounts in controversy greatly exceed $10,000.00 exclusive of interest and costs.

## DECISION AND ORDER

The plaintiffs brought this action for a permanent injunction against the use of federal funds in the construction of a proposed highway and for a declaratory judgment determining their rights and those of the defendants under Title II and III of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 ("URA"), 42 U.S.C. § 4601, et seq. Norman M. Clapp, Secretary of Transportation for the State of Wisconsin, Robert T. Huber, Chairman of the Division of Highways, Department of Transportation, State of Wisconsin ("the state defendants"), and Claude S. Brinegar, Secretary of Transportation of the United States, and Robert H. Paddock, Divisional Engineer, United States Department of Transportation, Federal Highway Administration ("the federal defendants"), moved to dismiss the action for lack of subject matter jurisdiction or, in the alternative, for the plaintiffs' failure to state a claim upon which relief may be granted. These motions were taken under advisement. The plaintiffs then moved for summary judgment. Oral argument was had, at which time the Citizens' Regional Environmental Coalition withdrew as a party plaintiff, the remaining plaintiffs withdrew their request for injunctive relief, and the plaintiffs' request to file an amended complaint regarding the class definition was denied. This motion was also taken under advisement.

It appears from the parties' pleadings and briefs that the state defendants plan to construct a "Belt Freeway" through portions of Milwaukee, Waukesha, and Washington Counties. Pursuant to this plan, the state defendants chose a corridor through which the proposed highway would travel and submitted their choice to the federal defendants for approval. Conditional approval was obtained. Thereafter, twelve parcels of land in the corridor were acquired by the state defendants as "hardship

acquisitions," that is, they were acquired when the owners of the parcels made unsolicited offers to sell them to the state defendants. When the state accepted the offers, the owners were paid relocation assistance benefits under § 32.19, Wis.Stats. At no time did the state defendants make application for, or receive, federal funding for these acquisitions.

The plaintiffs allege that the state defendants failed to comply with 42 U.S.C. § 4655 which provides:

> "§ 4655. *Requirements for uniform land acquisition policies; payments of expenses incidental to transfer of real property to State; payment of litigation expenses in certain cases*
>
> "Notwithstanding any other law, the head of a Federal agency shall not approve any program or project or any grant to, or contract or agreement with, a State agency under which Federal financial assistance will be available to pay all or part of the cost of any program or project which will result in the acquisition of real property on and after January

ary 2, 1971, unless he receives satisfactory assurances from such State agency that—

> "(1) in acquiring real property it will be guided, to the greatest extent practicable under State law, by the land acquisition policies in section 4651 of this title and the provisions of section 4652 of this title, and
>
> "(2) property owners will be paid or reimbursed for necessary expenses as specified in sections 4653 and 4654 of this title."

Plaintiff contends that this failure violates the U. S. Department of Transportation's "Instructional Memorandum 80–1–72" directing that no federal funds will be provided for state hardship acquisitions unless, at the time of acquisition, the state highway department complied with the requirements of Titles II and III and documented such compliance in its file. More particularly, as plaintiffs' counsel stated in oral argument, plaintiffs " * * * seek a declaration that under [sec.] 4655, the federal agency can't give the money to the state because [sec.] 4651 wasn't complied with."[1]

1. "§ 4651. *Uniform policy on real property acquisition practices.*

"In order to encourage and expedite the acquisition of real property by agreements with owners, to avoid litigation and relieve congestion in the courts, to assure consistent treatment for owners in the many Federal programs, and to promote public confidence in Federal land acquisition practices, heads of Federal agencies shall, to the greatest extent practicable, be guided by the following policies:

"(1) The head of a Federal agency shall make every reasonable effort to acquire expeditiously real property by negotiation.

"(2) Real property shall be appraised before the initiation of negotiations, and the owner or his designated representative shall be given an opportunity to accompany the appraiser during his inspection of the property.

"(3) Before the initiation of negotiations for real property, the head of the Federal agency concerned shall establish an amount which he believes to be just compensation therefor and shall make a prompt offer to acquire the property for the full amount so established. In no event shall such amount be less than the agency's approved appraisal of the fair market value of such property. Any decrease or increase in the fair market value of real property prior to the date of valuation caused by the public improvement for which such property is acquired, or by the likelihood that the property

would be acquired for such improvement, other than that due to physical deterioration within the reasonable control of the owner, will be disregarded in determining the compensation for the property. The head of the Federal agency concerned shall provide the owner of real property to be acquired with a written statement of, and summary of the basis for, the amount he established as just compensation. Where appropriate the just compensation for the real property acquired and for damages to remaining real property shall be separately stated.

"(4) No owner shall be required to surrender possession of real property before the head of the Federal agency concerned pays the agreed purchase price, or deposits with the court in accordance with section 258a of Title 40, for the benefit of the owner, an amount not less than the agency's approved appraisal of the fair market value of such property, or the amount of the award of compensation in the condemnation proceeding for such property.

"(5) The construction or development of a public improvement shall be so scheduled that, to the greatest extent practicable, no person lawfully occupying real property shall be required to move from a dwelling (assuming a replacement dwelling as required by subchapter II of this chapter will be available), or to move his business or farm operation, without

The Court lacks the necessary subject matter jurisdiction to make such a declaration.

Judicial review of a state agency's action under the acquisition practices of 42 U.S.C. § 4651 is precluded by § 4602(a) which reads as follows:

> "(a) The provisions of section 4651 of this title create no rights or liabilities and shall not affect the validity of any property acquisitions by purchase or condemnation."

*Martinez v. Department of Housing and Urban Development,* 347 F.Supp. 903 (E.D. Pa.1972); *Rubin v. Department of Housing and Urban Development,* 347 F.Supp. 555 (E.D.Pa.1972); *Will-Tex Plastics Mfg., Inc. v. Department of Housing and Urban Development,* 346 F.Supp. 654 (E.D.Pa.1972); *Barnhart v. Brinegar,* 362 F.Supp. 464 (W.D.Mo.1973); *Paramount Farms, Inc. v. Morton,* 384 F.Supp. 1294 (W.D.Wis.1974), aff'd, 527 F.2d 1301 (7th Cir. 1975). The plaintiffs attempt to distinguish these cases on the ground that they are not challenging administrative benefits awarded under § 4651, but, rather, that they are seeking to prevent federal approval of the state program under § 4655 for the state's failure to comply with § 4651. The distinction draws too fine a line. The Court fails to see how it lacks subject matter jurisdiction to review compliance with § 4651 under one section, but has, as the plaintiff contends, the requisite jurisdiction to review such compliance under another. The excellent analysis of the legislative history of § 4602(a) by the Court in *Barnhart v. Brinegar,* supra, makes it quite clear that the legislature intended § 4602 to preclude judicial review of agency compliance with § 4651. This Court will not circumvent the legislative will by permitting judicial review of § 4651 through an ostensible review of § 4655.

For the foregoing reasons,

IT IS HEREBY ORDERED that the defendants' motions to dismiss the plaintiffs' complaint for lack of subject matter jurisdiction be and they hereby are granted.

at least ninety days' written notice from the head of the Federal agency concerned, of the date by which such move is required.

"(6) If the head of a Federal agency permits an owner or tenant to occupy the real property acquired on a rental basis for a short term or for a period subject to termination by the Government on short notice, the amount of rent required shall not exceed the fair rental value of the property to a short-term occupier.

"(7) In no event shall the head of a Federal agency either advance the time of condemnation, or defer negotiations or condemnation and the deposit of funds in court for the use of the owner, or take any other action coercive in nature, in order to compel an agreement on the price to be paid for the property.

"(8) If any interest in real property is to be acquired by exercise of the power of eminent domain, the head of the Federal agency concerned shall institute formal condemnation proceedings. No Federal agency head shall intentionally make it necessary for an owner to institute legal proceedings to prove the fact of the taking of his real property.

"(9) If the acquisition of only part of a property would leave its owner with an uneconomic remnant, the head of the Federal agency concerned shall offer to acquire the entire property."