**Donald E. ROTH, Individually and as Trustee, Appellant,**

**Jordan Blythe Company, Trustee, Alice M. Bub**

v.

**UNITED STATES DEPARTMENT OF TRANSPORTATION, Norbert Tiemann, State Highway Commission of Missouri, Jack Stapleton, Sr., Roy E. Mayes, Sr., and Joseph H. Bruening, Appellees,**

**Robert N. Hunter, Frank G. Kriz, Roger R. Linsin, Jack Curtis, Daniel W. Duncan, Lynn W. Bauer, W. R. Logan and A. C. Riley.**

No. 77-1766.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1978.

Decided March 9, 1978.

Samuel C. Ebling, St. Louis, Mo. (argued), Cullen Coil and Michael P. Riley, Jefferson City, Mo., on brief, for appellant.

Curtis F. Thompson, State Highway Commission of Missouri, Jefferson City, Mo. (argued) Bruce A. Ring and John W. Maupin, Jefferson City, Mo., on brief, for appellee, State Highway Commission.

E. Eugene Harrison, Asst. U. S. Atty., Kansas City, Mo. (argued), and Ronald S. Reed, Jr., U. S. Atty., Kansas City, Mo., on brief, for appellees, U. S. Dept. of Transportation and Norbert Tiemann.

Ronald C. Spradley and Frederick H. Riesmeyer, II, Kansas City, Mo., on brief, for appellee Roy E. Mayes.

Truman K. Eldridge, Jr., Kansas City, Mo., argued, for appellees, Mayes, Stapleton and Bruening, and on brief, for appellees Stapleton and Bruening.

Louis A. Huber, III, Kansas City, Mo., on brief, for appellees, Stapleton and Bruening.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

Plaintiffs, landowners affected by the acquisition of property rights for an interstate highway, bring an interlocutory appeal from a denial of injunctive relief under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601 et seq., to prevent the procurement of their property by the Missouri State Highway Commission. The district court sustained the motion to dismiss filed by the defendants, the United States Department of Transportation, and Norbert Tiemann, the Federal Highway Administrator, and this appeal followed. Plaintiffs also appeal the dismissal of a § 1983 suit for damages against three former State Highway Commissioners—Jack Stapleton, Sr., Roy E. Mayes, Sr. and Joseph H. Bruening—on the ground that the applicable state statute of limitations of three years had run.[1] Jurisdiction for the appeal of the denial of injunctive relief against the Department of Transportation and Tiemann is alleged under 28 U.S.C. § 1292(a)(1); ancillary jurisdiction is alleged as the basis for the appeal of the dismissal of the individual commissioners.

We affirm the dismissal for lack of subject matter jurisdiction.

In *Nall Motors v. Iowa City, Iowa*, 533 F.2d 381 (8th Cir. 1976), *aff'g*, 410 F.Supp. 111 (S.D.Iowa 1975), this court held that 42 U.S.C. § 4602(a) precludes judicial review of actions taken pursuant to the substantive provisions of the Uniform Relocation Assistance Act, 42 U.S.C. § 4651. No subject matter jurisdiction exists to entertain a private cause of action for either equitable or legal relief under the Act.[2] *See also Tullock v. State Highway Commission*, 507 F.2d 712, 715 (8th Cir. 1974); *Paramount Farms, Inc. v. Morton*, 527 F.2d 1301, 1304 (7th Cir. 1975); *Rhodes v. City of Chicago*, 516 F.2d 1373, 1378 (7th Cir. 1975); *Will-Tex Plastics Manufacturing, Inc. v. Department of Housing & Urban Development*, 346 F.Supp. 654, 657–58 (E.D.Pa.1972), *aff'd*, 478 F.2d 1399 (3d Cir. 1973); *Ledesma v. Urban Renewal Agency*, 432 F.Supp. 564, 566 (S.D.Tex.1977); *Boston v. United States*, 424 F.Supp. 259, 264 (E.D.Mo.1976); *Nelson v. Brinegar*, 420 F.Supp. 975, 978 (E.D.Wis.1976).

Without subject matter jurisdiction to hear the appeal of the district court's denial of an injunction, there can be no jurisdiction to entertain the ancillary claims against the three commissioners. In view of claims still pending in the district court, without certification under Fed.R.Civ.P. 54(b) the dismissals are not reviewable at this time.[3]

The appeal is dismissed for lack of subject matter jurisdiction.

---

1. Still pending in the district court are claims for injunctive relief against the State Highway Commission of Missouri and various claims under § 1983 against certain supervisory employees and current members of the State Highway Commission.

2. *See also Barnhart v. Brinegar*, 362 F.Supp. 464 (W.D.Mo.1973). Based on an analysis of the legislative history of 42 U.S.C. § 4602(a) the court concluded:

    From this history, we believe one conclusion is irresistable—Congress intended section 102(a) [42 U.S.C. § 4602(a)] to preclude judicial review of federal and state agency actions under the real property acquisition practices of section 301 of the Act [42 U.S.C. § 4651].
    *Id.* at 472.

3. Even assuming that the claim against the commissioners was properly before this court, we would be compelled to affirm the trial court's determination since we have held that the three year statute of limitations set out in Mo.Rev.Stat. § 516.130(1) is the appropriate period of limitations for civil rights actions against public officials. *See Peterson v. Fink*, 515 F.2d 815, 817 (8th Cir. 1975). *See also Chambers v. Omaha Public School District*, 536 F.2d 222, 228 (8th Cir. 1976).