**Robert LIGHT and Cherry Light**

v.

**Lawrence BLACKWELL, J. C. Patterson, George Kell, James A. Branyan, David Solomon, Henry Gray, B. K. Cooper, Don Cahoone and Jim Gee.**

**No. LR–C–76–12.**

United States District Court,
E. D. Arkansas, W. D.

June 1, 1979.

Philip E. Kaplan, Little Rock, Ark., for plaintiffs.

Kenneth R. Brock, Legal Dept., Ark. Highway Dept., Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

ROY, District Judge.

This is an action brought by plaintiffs, Robert Light and Cherry Light, against defendants, Lawrence Blackwell, J. C. Patterson, George Kell, James A. Branyan and David Solomon, who constitute the members of the Arkansas State Highway Commission. The Arkansas State Highway Commission is a constitutionally created agency of the State of Arkansas. The defendants Henry Gray, B. K. Cooper, Don Cahoone and Jim Gee, are respectively, the Director of Highways, Chief Engineer, District Engineer, and Assistant District Engineer of the Arkansas State Highway Department, which is an agency of the State of Arkansas under the control and direction of the Arkansas State Highway Commission. The State of Arkansas as such has not been named a party defendant in this cause.

The plaintiffs' brief summarizes the allegations of the complaint as follows:

> The official conduct concerning which complaint is made is the taking of plaintiffs' property without just compensation, and the continuing torts of trespass, maintenance of a nuisance and unreasonably depriving plaintiffs of natural lateral support for their property. Relief sought, pertinent to this point, is an injunction restraining further trespass and a mandatory injunction requiring defend-

ants to abate the nuisance and restore the lateral support.

Plaintiffs' brief also states the action is willful, recurring and "presents a classic case for jurisdiction under § 1983".

The defendants have filed a Motion to Dismiss alleging the following as grounds for dismissal of the action:

1. To dismiss the action against the defendants because plaintiffs' complaint constitutes a suit against the State of Arkansas in violation of the Eleventh Amendment to the Constitution of the United States.

2. To dismiss the action as to the defendants because of the failure of the plaintiffs' complaint to adequately allege personal involvement on the part of the defendants which is essential in an action under 42 U.S.C. § 1983.

3. To dismiss the action against the defendants for failure of the plaintiffs' complaint to state a constitutional violation invoking jurisdiction under 42 U.S.C. § 1983.

Defendants' Point No. 1 of the Motion to Dismiss contends the action is barred by the Eleventh Amendment to the Constitution of the United States, even though the State is not a named party in this action. In support of their position the defendants cite *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), and call this Court's attention to the Supreme Court's statement on page 663, 94 S.Ct. on pages 1355–1356 of its opinion which reads:

It is also well established that even though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment. In *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945), the Court said:

'When the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.' Id., at 464, 65 S.Ct., at 350.

Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment. *Great Northern Life Insurance Co. v. Read*, 322 U.S. 47 [64 S.Ct. 873, 88 L.Ed. 1121] (1944); *Kennecott Copper Corp. v. State Tax Comm'n*, 327 U.S. 573 [66 S.Ct. 745, 90 L.Ed. 862] (1946).

Notwithstanding the above quotation from *Edelman*, it is quite apparent that under recent pronouncements of the United States Supreme Court and the Eighth Circuit Court of Appeals the broad protection once assured the states by the Eleventh Amendment is practically nonexistent now. The Doctrine of States Rights has indeed become seriously impaired, but this Court does not know of any case in which a federal court has extended its jurisdiction to the far reaches requested by the plaintiffs herein. However, it is not necessary to discuss Point No. 1 in depth because the Court finds merit in defendants' Points No. 2 and No. 3.

The Court agrees that the complaint fails to adequately allege personal involvement on part of the defendants which is necessary for plaintiffs to maintain their action. In actions under 42 U.S.C. § 1983 the courts have found it necessary to impose special pleading limitations. The pleading limitations were found necessary in order to identify frivolous suits, and to prevent public officials from being subjected to vexatious actions. Personal involvement must be plead with factual specificity and bare allegations on this issue are not sufficient.

In *Fialkowski v. Shapp, Governor*, 405 F.Supp. 946 (E.D.Pa.1975), the District Court pointed out the necessity of requiring factual specificity in a § 1983 action. The Court said, at 949:

Although notice pleading is generally sufficient, courts have found it necessary to impose a special pleading limitation in civil rights actions in order to identify and dismiss frivolous suits. This court

has ruled that complaints in these cases must be specifically pled or be subject to dismissal. Citing *Valley v. Maule*, 297 F.Supp. 958, 960–61 (D.Conn.1968), Judge Green stated in *Downs v. Dept. of Public Welfare*, 368 F.Supp. 454, 463 (E.D.Pa. 1973), that:

> "[i]n recent years there has been an increasingly large volume of cases brought under the Civil Rights Acts. A substantial number of these cases are frivolous or should be litigated in the State Court; they all cause defendants—public officials, policemen and citizens alike—considerable expense, vexation and perhaps unfounded notoriety. It is an important public policy to weed out the frivolous and insubstantial cases at an early stage in the litigation, and still keep the doors of the federal courts open to legitimate claims."

.   .   .   .   .

The first motion for us to consider is Commonwealth defendants' claim that insufficient allegations of personal involvement are grounds for dismissal. Personal involvement is a necessary element of a § 1983 action. *Downs v. Dept. of Public Welfare, supra*, at 463. . . . In order to state a claim for relief, then, plaintiff must specifically allege a direct casual link between some official conduct of each Commonwealth defendant and the alleged constitutional deprivations.

While plaintiffs in the instant case alleged that the defendants caused or condoned the alleged acts of trespass by the Highway Department employees and others, these allegations are not specific as to each individual defendant and are more in the nature of the "shotgun" approach and they fail to link causally the conduct of the defendants with the alleged constitutional deprivations.

■ It is also to be noted that the doctrine of respondeat superior has no application under § 1983 actions. See *Jordan v. Kelly*, 223 F.Supp. 731 (W.D.Mo.1963); *Sanberg v. Daley*, 306 F.Supp. 277 (N.D.Ill. 1969), and *Monell v. New York City Dept.*

*of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A majority of the courts that have considered the issue have not held high level officials liable for failing to supervise, correct and control the actions of their subordinates. See, *e.g., Delaney v. Dias*, 415 F.Supp. 1351 (D.Mass. 1976), and cases cited therein. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Estelle v. Gamble*, 429 U.S. 97 (1976); and *Leite v. City of Providence*, 463 F.Supp. 585 (D.R.I.1978).

■ The Court also finds merit in defendants' contention that the complaint fails to state a substantial constitutional violation necessary to invoke jurisdiction under 42 U.S.C. § 1983. The complaint alleges that plaintiffs have been deprived of their constitutional right of due process because of the unlawful taking of their property without payment of just compensation in violation of the Fifth and Fourteenth Amendments. The plaintiffs here have not been deprived of due process since due process remedies are available to the plaintiffs in state court for the alleged taking of their property. *Cf. Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). Equitable relief could have been sought in the Pulaski County Chancery Court whereby the defendants for the State may be enjoined from the taking of property until just compensation is provided therefor. See *Flake v. Arkansas State Highway Comm'n*, 251 Ark. 1084, 476 S.W.2d 801 (1972), and *Arkansas State Highway Comm'n v. Partain*, 192 Ark. 127, 90 S.W.2d 968 (1936).

In the event a taking occurred before the plaintiffs had the opportunity to seek injunctive relief in the Pulaski County Chancery Court, then the plaintiffs have available to them the remedy of resorting to the State Claims Commission. See Ark.Stat. Ann. § 13–1401, *et seq.* (Repl.1968). The State Claims Commission satisfies the constitutional requirement of due process, and is readily available to the plaintiffs for the relief they seek for the alleged wrongful acts. Thus having the remedies of the Pulaski County Chancery Court and/or the

State Claims Commission available to them, it is not necessary for plaintiffs to resort to federal court for relief.

In *Knight v. State of New York*, 443 F.2d 415 (2d Cir. 1971), the Second Circuit Court of Appeals quoted with approval the language of the lower District Court to the effect that: " 'The proper forum for claims that the state has wrongfully appropriated land is the New York State Court of Claims' ".

The Supreme Court of Arkansas in the case of *Roesler v. Denton*, 239 Ark. 462, 390 S.W.2d 98 (1965), stated that the Claims Commission of the State of Arkansas satisfied the requirement of due process in claims against the state.

The nature of plaintiffs' action in this case is that of an inverse condemnation action which is not permitted in Arkansas in view of the remedies available in the chancery courts in way of injunctive relief and in the State Claims Commission for monetary damage awards.

The case of *KAO v. Red Lion Municipal Authority*, 381 F.Supp. 1163 (M.D.Pa.1974), involved a situation where the plaintiffs alleged acts of trespass were committed on the property, and that the property was taken without payment of just compensation. The court, in granting defendant's motion for summary judgment, stated:

> No assertion has been made that plaintiffs have been denied an opportunity to press their claims in the state court. There is no reason to believe that the Commonwealth of Pennsylvania will not accord full constitutional protection to plaintiffs' property rights. In light of this fact, there is no federal constitutional violation. *Elterich v. City of Sea Isle City*, 3 Cir. 1973, 477 F.2d 289; *Kadash v. City of Williamsport*, M.D.Pa.1973, 362 F.Supp. 1343; *Landowners Consideration Ass'n · v. Montana Power Co.*, D.Mont. 1969, 300 F.Supp. 54, appeal dismissed as moot, 9 Cir. 1971, 439 F.2d 722. The fact that there allegedly has been a taking of plaintiffs' property without compensation or before any condemnation has taken place does not mean plaintiffs' constitu-

tional rights were violated, since compensation is available under Pennsylvania law. *Citing cases*. Furthermore, to adjudicate the claims plaintiffs assert herein would be an unwarranted interference with state court jurisdiction. *Martin v. Creasy*, 1959, 360 U.S. 219, 79 S.Ct. 1034, 3 L.Ed.2d 1186; *see Elterich v. City of Sea Isle City, supra; and Kadash v. City of Williamsport, supra.*

The principle enunciated in the following paragraph of the opinion is particularly appropriate.

> In addition to the claim of the taking of their property without just compensation, plaintiffs assert that the defendants "have committed a willful and continuous trespass" over their land. While the due process clause of the fourteenth amendment and the Civil Rights Act protect "property" rights as well as "personal" rights, *Lynch v. Household Finance Corp.*, 1972, ·405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424; *Board of Regents v. Roth*, 1972, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; a trespass to property, negligent or intentional, is merely a common law tort and does not infringe the federal Constitution. *Commonwealth of Pennsylvania ex rel. Feiling v. Sincavage*, W.D.Pa.1970, 313 F.Supp. 967, aff'd, 3 Cir. 1971, 439 F.2d 1133. More is needed than a naked averment that a tort was committed under the color of state law for a claim to be cognizable under the Civil Rights Act. *Gittlemacker v. Prasse*, 3 Cir. 1970, 428 F.2d 1 and *Howell v. Cataldi*, 3 Cir. 1972, 464 F.2d 272. The wrongdoing must amount to a deprivation of a right, privilege or immunity protected by the Constitution or the laws of the United States. It was not intended by the fourteenth amendment or the Civil Rights Act that trespass to property, normally within the exclusive cognizance of the states, should become a matter of national concern. *Commonwealth of Pennsylvania ex rel. Feiling v. Sincavage*, 313 F.Supp. at 970.

Without doubt many plaintiffs, by the use of clever pleadings have proceeded to

trial in federal court under § 1983 for what are essentially state law violations. Courts must interpret pleadings liberally, but this does not mean that the pleadings cannot be viewed realistically. In the pleadings here there are no allegations of purposeful systematic discrimination designed to favor one individual or class over another and clearly no racially discriminatory animus is involved—no equal protection rights are jeopardized. In fact, this is basically a state action and the violations of law, if any, are violations of *state* law.

In enacting 42 U.S.C. § 1983 Congress did not extend "a right to be free of injury wherever the State may be characterized as a tortfeasor . . . [S]uch a reading would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States." *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

To assume jurisdiction in a case of this type would mean the opening of a floodgate to a multiplicity of federal actions involving all aspects of state eminent domain proceedings which in truth should be adjudicated under state procedures and in state forums. The following cases are illustrative of this principle.

In *Bonner v. Couglin*, 517 F.2d 1311 (7th Cir. 1975), the Court stated:

This is not to suggest that the plaintiff in a § 1983 action must exhaust his state remedies before seeking federal relief. Rather, it seems to us that the availability of an adequate state remedy for a simple property damage claim avoids any constitutional violation. This result is entirely consistent with the basic statutory purposes as explained in *Monroe v. Pape*. There is simply no need to provide a federal tort remedy for property damage caused by the negligence of state agents if a state remedy is not only adequate in theory but also readily available in practice.

In *Taylor v. Nichols*, 409 F.Supp. 927 (D.Kan.1976) the Court, on page 933, stated as follows:

The scope of the protection accorded to individual freedoms and liberties by 42 U.S.C. §§ 1983, 1985, and 1986, is not without limits. It is therefore perhaps helpful to delineate those rights that are not within the purview of these sections. First, while the Civil Rights Act confers a right of action sounding in tort upon every individual whose federal rights are trespassed upon by any person acting "under color of state law" or by any group of citizens acting in conspiracy, *Bottone v. Lindsley*, 170 F.2d 705 (10th Cir. 1948), it is clear that not all violations of state law rise to the level of a "constitutional tort" for purpose of the civil rights statute. (*citing cases*) An individual's right to have the relevant state laws strictly obeyed is not a federal right protected by the Civil Rights Act of 1871 or the Constitution of the United States. (*citing cases*) Nor does the Civil Rights Act provide a remedy for mere common law torts, even when committed "under color of state law." (*citing cases*) In construing the scope of the federal civil rights act, federal courts have been cautioned to guard against being "so overzealous in their desire to protect individual rights from State abuse that they unjustifiably deprive the States of their inherent sovereignty, also protected by the United States Constitution." *Eagan v. City of Aurora*, 174 F.Supp. 794 (N.D.Ill. 1959). The protection of rights derived purely from state law and incident to state rather than federal citizenship is therefore beyond the pale of both federal court jurisdiction and the substantive remedial provisions of the Civil Rights Act.

The filing of this action by plaintiffs is a deliberate bypass of Arkansas Statutes and administrative procedures which have been designed for the express purpose of insuring plaintiffs and other litigants appropriate relief within a minimum time frame. To this effect see *Jackson v. Hepinstall*, 328 F.Supp. 1104 (N.D.N.Y.1971).

By subtle pleadings some plaintiffs have managed to come within the letter of the statute and claim jurisdiction under § 1983; however, we would call attention to *Muniz*

*v. Hoffman,* 422 U.S. 454, 469, 95 S.Ct. 2178, 2187, 45 L.Ed.2d 319 (1975), wherein the Court stated: "It has long been a 'familiar rule that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit nor within the intention of its makers.'" *Holy Trinity Church v. United States,* 143 U.S. 457, 459, 12 S.Ct. 511, 36 L.Ed. 226 (1892). This familiar rule is cited with approval in the concurring opinion of Mr. Justice Powell, The Chief Justice and Mr. Justice Rehnquist joining, in the case of *Chapman, Commissioner of Texas Dept. of Human Resources, et al. v. Houston Welfare Rights Organization, et al. and Julia Ganzalez, etc. v. James F. Young, Director, Hudson County Welfare Board, et al.,* —— U.S. ——, 99 S.Ct. 1905, 60 L.Ed.2d 508. In this opinion the United States Supreme Court refused to expand the scope of § 1983 actions to encompass alleged claims under the Social Security Act.

In light of the above authorities we find the plaintiffs have adequate remedies in the state court for prospective injunctive relief, in the Claims Commission for retroactive monetary award, and defendants' motion to dismiss is granted. An order to this effect will be entered dismissing plaintiffs' complaint.