**Barry BRAZIL, et al.,**

v.

**ARKANSAS BOARD OF DENTAL EXAMINERS, et al.**

No. LR–C–81–675.

United States District Court, E.D. Arkansas, W.D.

Aug. 8, 1984.

Ron Bruno, Little Rock, Ark., for plaintiffs.

Wm. Dean Overstreet, House, Wallace & Jewell, P.A., Little Rock, Ark., for defendants.

SUMMARY JUDGMENT

EISELE, Chief Judge.

Pending before the Court is the motion for summary judgment filed by defendant Arkansas State Dental Association. For the reasons set forth below, the motion is granted.

Plaintiffs have raised numerous claims based on the United States Constitution and the federal antitrust laws against the Arkansas State Dental Association ("Association") and the Arkansas Board of Dental Examiners. In the Court's April 6, 1984, Memorandum Opinion, 593 F.Supp. 1354, the Court dismissed four of the five possible antitrust claims raised against the Association. The fifth claim—that the Association had engaged in a combination and conspiracy to restrain trade and monopolize the field—survived the defendant's motions to dismiss, although the Court observed:

> The dearth of any detailed fact-pleading makes it difficult to understand fully the basis of the plaintiff's allegation. Nevertheless, the Court notes that irrespective of the Association's immunity for certain actions under state action and Noerr-Pennington doctrines, there could be other activities that might support an antitrust cause of action. From the current state of the pleadings, the chances of such an antitrust claim surviving a motion for summary judgment (after the factual basis of the allegation has been established) appear slim. The Court is not, however, prepared to say at this stage that, based on its last broadly-stated allegation, the plaintiffs failed to state a claim upon which relief could be granted.

Mem. at 1370–1371.

On May 30, 1984, the Association filed the pending motion for summary judgment, contending that the remaining antitrust claim and the constitutional claims should be dismissed. As to the antitrust claim, the Association argues that

> the plaintiff's Complaint fails to allege any facts, much less specific facts, which would support its allegations that an unlawful combination and conspiracy existed for the purpose of restraining trade.

Def. brief at 4. The defendant also appended the affidavit of its Executive Director, Mr. Rex T. Butler, which states that the only direct connection the Association has with the Arkansas Board of Dental Examiners lies in its duty to recommend candidates to the Governor of Arkansas for selection to the Dental Board. Mr. Butler expressly denies that the Association has any input to the Dental Board on matters relating to licensing or disciplining of those engaged in dental activities. He also states that the Association is not engaged in the promotion of products or services [1] and "has had no contacts, meetings, contracts or communications with any member of the Arkansas Board of Dental Examiners or any of the other defendants or the plaintiffs about any matter which might be the subject of the allegations contained in the plaintiff's Complaint." He further states that the only activities the Association engages in outside its own membership are related to its efforts to procure insurance benefits for its members.

As the defendant points out in its motion for summary judgment, Rule 56(e) of the Federal Rules of Civil Procedure requires the non-moving party to come forward with specific factual allegations when the moving party files a motion that is supported by affidavits. The rule states:

> When a motion for summary judgment is made and supported [by affidavit], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In their response to the Association's motion, the plaintiffs assert that the Association and its membership have used their connections with the Dental Board to promote their own pecuniary interests and to harass those who do not adhere to their policies. The plaintiffs also assert that the Association and the Dental Board have illegally conspired to restrain trade. The

---

1. Thus the Association is purportedly not a "trade association," which might have the specific function of advancing the commercial interests of its members. *Cf. Rosebrough Monument Co. v. Memorial Park Cemetery Association,* 736 F.2d 441 (8th Cir.1984).

plaintiffs cite the affidavit of co-plaintiff Barry Brazil, which states:

> That I personally have first-hand knowledge that there have been meetings held by the Arkansas State Dental Association with the Arkansas Board of Dental Examiners wherein said organizations frequently conspired to insure that I, as owner/operator of the American Denture Center, could no longer do business in the State of Arkansas by depriving me of access to members of the dental profession.

In an Order dated July 24, 1984, this Court noted that the plaintiffs' allegations in their complaint and in their response to the Association's motion for summary judgment are vague and conclusory. It also observed that the affidavit of Mr. Brazil is conclusory and "lacks any meaningful listing of specific facts." Nevertheless, since the affidavit stated that the Board and Association conspired against Mr. Brazil in several meetings, the Court agreed to temporarily reserve judgment on the motion for summary judgment and directed the plaintiffs

> to file a statement setting forth in detail any and all evidence (i.e., dates, names of persons, statements made and conversations entered into, etc.) relating to the alleged conspiracy. In so doing, the plaintiffs must indicate each action on the part of each individual defendant that would constitute a conspiratorial act and describe in detail how these acts have operated to the detriment of each individual plaintiff.

The Court also stated: "If the plaintiffs fail to file this submission on or before July 31, 1984, the Court will have no alternative but to grant the defendant's motion for summary judgment."

The plaintiffs did not file the above-referenced submission by July 31, 1984, and in a conversation with the Court on August 2, 1984, the plaintiffs indicated that they would not be submitting such a submission.

The Court is well aware of the "drastic nature" of the summary judgment remedy. *See Snell v. United States,* 680 F.2d 545, 547 (8th Cir.), *cert. denied,* 459 U.S. 989, 103 S.Ct. 344, 74 L.Ed.2d 384 (1982). Not only is the evidence viewed in the light most favorable to the non-moving party, but the Court is also required to give the non-moving party the benefit of all reasonable inferences to be drawn from the facts. Moreover, courts are frequently hesitant to grant summary judgment in an antitrust action where issues of intent are involved. Nevertheless, in numerous cases, courts have granted summary judgment on antitrust claims where the non-moving party has failed to come forward with specific facts in support of their claims. *See, e.g., Sound Ship Building Corporation v. Bethlehem Steel Co., Inc.,* 533 F.2d 96, 99 (3d Cir.1975); *Saenz v. University Interscholastic League,* 487 F.2d 1026, 1028 (5th Cir.1973).

█ In this case, the plaintiffs have simply failed to marshall any material facts in support of their contention that the Association and its officers have in some way conspired with the Dental Board to restrain trade. Since the plaintiffs have failed to state specific facts in spite of the Court's explicit solicitation of same, the Court must conclude that there is no genuine issue of material fact that would bear upon the plaintiffs' remaining antitrust claim against the Association and its officers. The Association and its officers are therefore entitled to summary judgment pursuant to Rule 56(e) on this issue.

The same situation must arise with respect to the constitutional claims raised against the Association and its officers under 42 U.S.C. § 1983. As previously observed in this Court's April 6, 1984, Memorandum and Order, and its April 10, 1984, Order, plaintiffs allege violations of their rights as guaranteed under the first, fifth, ninth and fourteenth amendments. The primary focus of the plaintiffs' constitutional claims seems to be on the Arkansas Dental Practices Act and the regulations that the Dental Board has adopted pursuant to that Act. In addition, plaintiffs have alleged that the Dental Association has conspired with and encouraged the Dental

Board in the latter's alleged efforts to protect the economic interests of dentists to the detriment of the plaintiffs.

As noted *supra,* Mr. Butler has asserted in his affidavit that the Association has no input with the Dental Board regarding licensing questions, disciplinary actions, or any other practices. Moreover, in its Statement of Uncontroverted Material acts filed pursuant to Local Rule 30, the Association states that it "does not encourage or otherwise advocate limitations on services or products." The plaintiffs have filed no counter-statement, as is required by the local rule, and in spite of the Court's Order of July 24, 1984, directing the plaintiffs to file a detailed statement of allegations, the plaintiffs have failed to do so.

As observed by this Court in *Light v. Blackwell,* 472 F.Supp. 333 (E.D.Ark.1979), *aff'd without opinion,* 620 F.2d 307 (8th Cir.1980),

> In actions under 42 U.S.C. § 1983 the courts have found it necessary to impose special pleading limitations. The pleading limitations were found necessary in order to identify frivolous suits, and to prevent public officials from being subjected to vexatious actions. Personal involvement must be plead with factual specificity and bare allegations on this issue are not sufficient.

472 F.Supp. at 335. In granting the defendants' motion to dismiss, the Court noted that the allegations of constitutional violations directed at the defendants had failed "to link causally the conduct of the defendants with the alleged constitutional deprivations." *Id.* at 336.

█ The case at bar presents an analogous circumstance. The vaguely-worded affidavit of Mr. Brazil raises no specific facts that tie the Association and its officers to the alleged deprivations of the plaintiffs' constitutional rights. Moreover, the plaintiffs' response to the motion for summary judgment does not attempt to demonstrate how the Association and its officers play a direct role in the adoption of the challenged statutes and regulations nor does it articulate any specific facts that show how the Association and its officers

have conspired with and encouraged the Dental Board in the disciplinary actions instituted against Mr. Brazil or any dentists associated with the American Denture Center. Finally, given the uncontested statement of Mr. Butler regarding the limited functions performed by the Association, there seems to be no substance to the plaintiffs' allegation that the Association has sought to advance its members' pecuniary interests.

Thus, the Court must infer from the plaintiffs' failure to come forward with any specific facts bearing upon its constitutional claims that no such facts exist. The Association and its officers are consequently entitled to summary judgment under rule 56(e).

It is therefore Ordered that the motion for summary judgment filed by the Association and its officers be, and it is hereby, granted.