MAK CO., INC., Herbert L. McLeod and Lorene McLeod, Plaintiffs,

v.

Maurice SMITH, Individually and as the Director of the Arkansas Highway Commission; Ron Harrod, Individually and as a Commissioner of the Arkansas State Highway Commission; Rodney Slater, Individually and as a Commissioner of the Arkansas State Highway Commission; L.W. "Bill" Clark, Individually and as a Commissioner of the Arkansas State Highway Commission; Raymond A. Pritchett, Jr., Individually and as a Commissioner of the Arkansas State Highway Commission; Samuel K. Skinner, as the Director of the Department of Transportation, Defendants.

Civ. No. 90–6007.

United States District Court, W.D. Arkansas, Hot Springs Division.

Feb. 8, 1991.

Q. Byrum Hurst, Jr., Hot Springs, Ark., for plaintiffs.

Robert L. Wilson, Ark. State Hwy. Com'n, David Ferguson, Dept. of Transp., for defendants.

## MEMORANDUM OPINION

OREN HARRIS, District Judge.

Before the court is a motion for summary judgment by separate defendant Samuel K. Skinner. The motion contends that plaintiffs have failed to exhaust their administrative remedies, and that the complaint fails to state a cause of action upon which relief can be granted. Plaintiffs have responded to the motion.

This action involves the construction of a modification of a highway around the Hot Springs, Arkansas area. Plaintiffs previously brought suit in this court against the Arkansas State Highway Commission and Department of Transportation for inverse condemnation and equitable and injunctive relief on October 2, 1989, No. 89–6104. That complaint was dismissed by this court as being proscribed by the Eleventh Amendment of the U.S. Constitution. *Mak Co. Inc. v. Arkansas State Highway Commission,* slip op., No. 89–6104 (W.D.Ark., Dec. 7, 1989). Plaintiffs now bring this action seeking inverse condemnation and injunctive relief against Samuel K. Skinner as Director of the Department of Transportation in his official capacity, and the remaining defendants in their individual and official capacities.

■ The complaint alleges that the defendants propose to extend the highway through land owned by the plaintiffs, but defendants refuse to condemn the property. Plaintiffs contend that the defendants' refusal to condemn the property is an at-tempt to deprive the plaintiffs of their use of the property. Plaintiffs pray for this court to order condemnation proceedings against their property.

This issue is moot in that a complaint and declaration of taking were filed in the Garland County Circuit Court on March 29, 1990, styled *Arkansas State Highway Commission v. MAK Company, Inc., Herbert L. McLeod and Lorene McLeod, Arkansas Bank and Trust Company,* Civ. 90–217 (Garland Co.Cir.Ct.1990). After a trial, the jury awarded $370,040 to the plaintiffs, and judgment was entered December 20, 1990.

■ In this action, the complaint further alleges that plaintiffs have been deprived of their constitutional right of due process, in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution, because of the unlawful taking of their property without payment of just compensation. Equitable relief could have been sought in the Garland County Chancery Court whereby the defendants may be enjoined from the taking of property until just compensation is provided therefor.[1] *Light v. Blackwell,* 472 F.Supp. 333 (E.D.Ark.1979) *aff'd,* 620 F.2d 307 (8th Cir.1980); *Flake v. Arkansas State Highway Commission,* 251 Ark. 1084, 476 S.W.2d 801 (1972); and *Arkansas State Highway Commission v. Partain,* 192 Ark. 127, 90 S.W.2d 968 (1936). The plaintiffs here have not been deprived of due process since due process remedies are available to the plaintiffs in state court for the alleged taking of their property. *Cf. Ingraham v. Wright,* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).

In the event a taking occurred before the plaintiffs had the opportunity to seek injunctive relief in the Garland County Chancery Court, then the plaintiffs have recourse with the State Claims Commission. *See* Ark.Code Ann. § 19–10–201 et seq. "The State Claims Commission satisfies the constitutional requirement of due process, and is readily available to the plaintiffs for

---

1. The record reflects that plaintiffs have failed to seek equitable relief in Garland County Chan-   cery Court.

the relief they seek for the alleged wrongful acts. Thus having the remedies of the [Garland] County Chancery Court and/or the State Claims Commission available to them, it is not necessary for plaintiffs to resort to federal court for relief." *Light v. Blackwell, supra* at 336–37.[2]

The Eighth Circuit has also held that Arkansas provides adequate mechanisms for compensating property owners whose property is taken for public use, as well as for prospective injunctive relief to enjoin further occurrences of such conduct. *See Collier v. City of Springdale*, 733 F.2d 1311 (8th Cir.1984). The Court further held that the availability of these state law mechanisms precludes finding that the taking of the owner's property was in violation of a right, privilege or immunity secured by the Constitution or laws of the United States. *Id.* at 1317. "To assume jurisdiction in a case of this type would mean the opening of a floodgate to a multiplicity of federal actions involving all aspects of state eminent domain proceedings which in truth should be adjudicated under state procedures and in state forums." *Light*, 472 F.Supp. at 339, cited with approval by *Collier*, 733 F.2d at 1317.

Finally, the United States Supreme Court has also held that individuals seeking relief under the due process clause must first avail themselves to state and/or federal procedures. *Williamson Planning Commission v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). In *Williamson*, the plaintiff alleged that the application of various zoning laws and regulations of his property amounted to a taking of his property without due process. The Supreme Court found that his claim was not ripe in that he failed to seek compensation through the procedures the state provided for doing so. *Id.* at 194, 105 S.Ct. at 3120.

The Court stated "[i]f the government has provided an adequate process for obtaining compensation, and if resort to that process 'yield[s] just compensation,' then the property owner 'has no claim against the Government' for a taking." *Williamson, supra* at 195, 105 S.Ct. at 3121, quoting *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1013, 1018, n. 21, 104 S.Ct. 2862, 2878, 2881, n. 21, 81 L.Ed.2d 815 (1984). The Court further stated that "we have held that taking claims against the Federal Government are premature until the property owner has availed itself of the process provided by the Tucker Act, 28 U.S.C. § 1491. *Monsanto*, 467 U.S., at 1016–1020, 104 S.Ct. at 2879–82. Similarly, if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson*, 473 U.S. at 195, 105 S.Ct. at 3121. Pursuant to the above precedents, the court finds that the plaintiffs' due process claims are not yet ripe in view of the fact that they have failed to seek remedies in state court or from the Arkansas Claims Commission.[3]

■ The complaint also contends that jurisdiction is imposed under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601 et seq., specifically 42 U.S.C. § 4651. Plaintiffs' claims under this Act must be dismissed for lack of subject matter jurisdiction.

The Eighth Circuit has held that 42 U.S.C. § 4602(a) precludes judicial review of actions taken pursuant to the substantive provisions of the Uniform Relocation Assistance Act, 42 U.S.C. § 4651. *Nall Motors v. Iowa City, Iowa*, 533 F.2d 381 (8th Cir.1976), *aff'd*, 410 F.Supp. 111 (S.D. Iowa 1975). "No subject matter jurisdiction exists to entertain a private cause of

---

**2.** The *Light* court also noted that "[t]he nature of plaintiffs' action in this case is that of an inverse condemnation action which is not permitted in Arkansas in view of the remedies available in the chancery courts in way of injunctive relief and in the State Claims Commis-

sion for monetary damage awards." *Light*, 472 F.Supp. at 337.

**3.** The court is mindful of the Garland County Circuit Court judgment awarding the plaintiffs $370,040 for their land. However, the state brought those proceedings, not the plaintiffs.

action for either equitable or legal relief under the Act." *Roth v. United States Department of Transportation,* 572 F.2d 183, 184 (8th Cir.1978).[4] *See also Tullock v. State Highway Commission,* 507 F.2d 712, 715 (8th Cir.1974); *Paramount Farms, Inc. v. Morton,* 527 F.2d 1301, 1304 (7th Cir.1975); *Rhodes v. City of Chicago,* 516 F.2d 1373, 1378 (7th Cir.1975); *Will–Tex Plastics Manufacturing, Inc. v. Department of Housing & Urban Development,* 346 F.Supp. 654, 657–58 (E.D.Pa. 1972) *aff'd,* 478 F.2d 1399 (3rd Cir.1973); *Ledesma v. Urban Renewal Agency,* 432 F.Supp. 564, 566 (S.D.Tex.1977); *Boston v. United States,* 424 F.Supp. 259, 264 (E.D. Mo.1976); *Nelson v. Brinegar,* 420 F.Supp. 975, 978 (E.D.Wis.1976). Plaintiffs' claims under this Act shall be dismissed.

■ The complaint also states "[t]he jurisdiction of this Court is further imposed in view of the fact that the regulations that have been promulgated and referred to above [42 U.S.C. § 4601 et seq.] are also in compliance with all other applicable laws, and specifically the National Environmental Policy Act of 1969 (42 U.S.C. Section 4321, et seq.), and the Civil Rights Act of 1964 (42 U.S.C. Section 2000(d), et seq. [sic]) which insure and protect the Plaintiffs." Plaintiffs make no allegations, and the record reveals no circumstance, where relief could be granted to the plaintiffs under the Environmental Policy Act or the Civil Rights Act. In this case, these Acts confer no jurisdiction to this court.

■ The state official defendants have filed counterclaims against the plaintiffs. The defendants complain that this action is a frivolous filing by the plaintiffs and seek attorneys' fees, costs and all other relief available under Fed.R.Civ.P. 11. These defendants also seek a dismissal of the complaint with prejudice since this action has been dismissed once before. The court finds the complaint is not frivolous within the meaning of Rule 11. The plaintiffs'

complaint shall be dismissed for lack of jurisdiction, and as such, does not warrant adjudication on the merits.

A separate judgment will be entered consistent with this opinion. The court incorporates its findings and conclusions pursuant to Rule 52 of the Federal Rules of Civil Procedure.

### JUDGMENT

In accordance with the memorandum opinion entered in the above styled and numbered case,

IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED that the motion for summary judgment by separate defendant Samuel K. Skinner be and the same is hereby granted, and plaintiffs' complaint is dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED that the counterclaims by the separate state defendants be and the same are hereby dismissed.

---

**4.** *See also Barnhart v. Brinegar,* 362 F.Supp. 464 (W.D.Mo.1973). Based on an analysis of the legislative history of 42 U.S.C. § 4602(a) the court concluded:

From this history, we believe one conclusion is irresistible—Congress intended section 102(a) [42 U.S.C. § 4602(a) ] to preclude judicial review of federal and state agency actions under the real property acquisition practices of section 301 of the Act [42 U.S.C. § 4561].