# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 08-1694

_____

| | | |
|---|---|---|
| Willis Smith and Company, Inc., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| State of Arkansas; Arkansas State | * | |
| Highway Department, | * | |
| | * | |
| Appellees. | * | |

_____

No. 08-1763

_____

| | |
|---|---|
| Triple S Spraybays, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| State of Arkansas; Arkansas State | * |
| Highway Department, | * |
| | * |
| Appellees. | * |

_____

Submitted: September 26, 2008
Filed: December 1, 2008

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

BOWMAN, Circuit Judge.

In these consolidated appeals, Willis Smith and Co. and Triple S Spraybays appeal from orders of the District Court[1] granting motions to dismiss filed in both cases by the defendants, the State of Arkansas and the Arkansas State Highway and Transportation Department (ASHTD). We affirm.

The Appellants both own commercial property in Little Rock, Arkansas, that is accessible from Watt Street via entrances that are only twenty to fifty feet from Cantrell Road. On about February 1, 2006, Watt Street's access to Cantrell Road was closed in order to make improvements to Cantrell Road, blocking easy access to Appellants' properties. The Appellants each filed suit under 42 U.S.C. § 1983 (deprivation of rights under color of state law) alleging violations of the Takings and Due Process Clauses of the United States Constitution and the Takings Clause of the Arkansas Constitution. The Willis Smith court dismissed that case, holding that Willis Smith failed to state a claim for relief and that the State and ASHTD were entitled to immunity from suit in federal court under the Eleventh Amendment. For the same reasons, citing the Willis Smith order, the Triple S court dismissed that case as well. We review de novo. Owen v. Gen. Motors Corp., 533 F.3d 913, 918 (8th Cir. 2008); Monroe v. Ark. State Univ., 495 F.3d 591, 593–94 (8th Cir. 2007).

In a case like this, it is not the state's alleged taking of property that would be the "constitutional injury" but the failure to pay just compensation or provide "an adequate postdeprivation remedy." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 710 (1999). "[I]f a State provides an adequate

_____

[1]For the Willis Smith case, the Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas. For Triple S, the Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 195 (1985). Here, the State provides just such a remedy through the Arkansas State Claims Commission. Light v. Blackwell, 472 F. Supp. 333, 336–37 (E.D. Ark. 1979), affirmed without opinion, 620 F.2d 307 (8th Cir. 1980) (table). And it is undisputed that the Appellants have not availed themselves of this remedy. "A federal court . . . cannot entertain a takings claim under § 1983 *unless or until* the complaining landowner has been denied an adequate postdeprivation remedy." City of Monterey, 526 U.S. at 721 (emphasis added). Because the Appellants have not presented their demands for compensation to the State Claims Commission, their § 1983 constitutional claims are not ripe for adjudication in federal court.

In a somewhat circular argument, the Appellants raise a due process claim, contending that the State Claims Commission remedy is not adequate because a hearing before that body would not be a jury trial. Appellants rely on the Supreme Court's holding in City of Monterey that a § 1983 suit seeking legal relief such as just compensation for a taking "is an action at law within the meaning of the Seventh Amendment" and that the plaintiff is therefore entitled to a jury trial on his claim. Id. at 709. They maintain that City of Monterey abrogated Light. But the Supreme Court did not say that an "adequate postdeprivation remedy" provided by a state must allow for determination of just compensation by a jury, only that a plaintiff who brings a § 1983 takings suit in federal court *in the absence of an adequate state remedy* has a right to a jury trial. Indeed, at the time of the alleged taking in City of Monterey, "the State of California did not provide a compensatory remedy for temporary regulatory takings." Id. at 710. As this Court has recently reiterated, since the Supreme Court's opinion in City of Monterey, Arkansas does provide such a remedy. Cormack v. Settle-Beshears, 474 F.3d 528, 531 (8th Cir. 2007).

The Appellants also challenge the conclusion that the State of Arkansas and ASHTD, as an agency of the state, are entitled to immunity from suit under the Eleventh Amendment. Because we hold that the cases were properly dismissed because they are not ripe for federal court adjudication, we do not reach the constitutional question posed by the sovereign immunity issue.

We affirm the dismissals of these suits.

_____