# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-2925

———————————————

Charles A. Winston

*Plaintiff - Appellant*

v.

Danny Burl, Warden, East Arkansas Regional Unit; Todd Ball, Deputy Warden of Security, East Arkansas Regional Unit; Dexter Payne, Deputy Warden of Operation, East Arkansas Regional Unit; Walton, Mailroom Supervisor, East Arkansas Regional Unit; Barbara Ester, Estate of Barbara Ester, deceased, Property Supervisor, East Arkansas Regional Unit; Lynette Dickerson, Property Supervisor, East Arkansas Regional Unit

*Defendants - Appellees*

———————————

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

———————————

Submitted: March 11, 2015
Filed: March 17, 2015
[Unpublished]

———————————

Before SMITH, GRUENDER, BENTON Circuit Judges.

———————————

PER CURIAM.

Arkansas prisoner Charles Winston appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint alleging defendants wrongfully destroyed his property and retaliated against him for filing grievances. After careful review of the record, we affirm. *Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (de novo review of 28 U.S.C. § 1915A dismissal); *Fullington v. Pfizer, Inc.*, 720 F.3d 739, 747 (8th Cir. 2013) (court of appeals may affirm on any basis supported by record).

The district court correctly decided that Winston failed to state a procedural due process claim based on the destruction of his property because Arkansas provided an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (unauthorized deprivation of property does not constitute violation of procedural due process if meaningful post-deprivation remedy is available); *Willis Smith & Co., Inc. v. Arkansas*, 548 F.3d 638, 640 (8th Cir. 2008) (Arkansas provides adequate post-deprivation remedy for property claims through Arkansas State Claims Commission). Additionally, the statute of limitations barred any claims based on conduct that occurred before December 30, 2010, s*ee Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Arkansas 3-year statute of limitations for personal injuries applies to § 1983 claims), and, to the extent the complaint raised timely claims against Lynette Dickerson based on retaliation, denial of access to the courts, or violations of prison policies, remand is unnecessary because the allegations failed to state a claim, *see Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (plaintiff must allege sufficient facts to infer retaliatory animus to state retaliation claim); *Hartsfield v. Nichols*, 511 F.3d 826, 831-32 (8th Cir. 2008) (denial of access to courts claim must be supported by showing actual injury, i.e., that non-frivolous legal claim was frustrated or impeded); *Gardner v. Howard*, 109 F.3d 427, 430-31 (8th Cir. 1997) (violating prison policy does not give rise to § 1983 claim).

Therefore, we affirm. *See* 8th Cir. R. 47B.

_____